## Case No. 13,918.

### THOMAS et al. v. WOOLDRIDGE et al.

[2 Woods. 667.] [2]

Circuit Court, S. D. Missouri. May Term, 1875.

GARNISHMENT—JUDGMENT—STATE PROCESS.

A judgment rendered in a circuit court of the United States cannot be attached by process issued out of a state court against the plaintiff in the judgment.

[Cited in Alabama Gold Life Ins. Co. v. Girardy, 9 Fed. 142; Henry v. Gold Park Mining Co. 15 Fed. 650; Loomis v. Carrington. 18 Fed. 98.]

In equity. The case was as follows: On the 27th of May, 1874, [Edward] Wooldridge

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

recovered a judgment for $4;800 against the complainants as partners, in the circuit court of the United States for the Southern district of Mississippi. Afterwards, on the 2d of June, 1874, one Hedrich, a citizen of Louisiana, brought an attachment suit in the circuit court of Warren county, Mississippi, against Wooldridge for $6,000. Writs of attachment and garnishment were issued and served upon Wooldridge and upon the complainants in this suit, who were the judgment debtors of Wooldridge. In July following, the complainants paid to the marshal, who held an execution issued on the judgment against them, a sum sufficient to satisfy the costs of suit and the fees of the counsel of Wooldridge for obtaining said judgment, amounting to the sum of $1,077; and the execution was thereupon returned by the marshal to the United States circuit court. The complainants then filed their answer in the attachment suit in the state court, acknowledging themselves indebted to Wooldridge on the judgment in his favor in the sum of $3,773. Notwithstanding these facts, the attorneys of Wooldridge caused another execution to issue on the judgment against complainants, which was placed in the hands of the United States marshal, who threatened to seize and sell the property of the complainants to satisfy the same. The complainants, believing they were bound to pay the balance due on the judgment recovered against them by Wooldridge to Hedrich, the plaintiff in the attachment suit, filed the bill in this case against Wooldridge and his attorneys, and against the marshal, to enjoin proceedings to collect the balance due on said judgment by virtue of the execution issued thereon. A preliminary injunction was allowed, restraining the defendants according to the prayer of the bill. The case was heard for final decree upon the pleadings and evidence.

R. S. Buck and E. D. Clark, for complainants.

T. J. Catchings and W. K. Ingersoll, for defendants.

[Before BRADLEY, Circuit Justice, and HILL, District Judge.]

BRADLEY, Circuit Justice. The question in this case is, whether a judgment of this court may be attached by process issued out of a state court against the plaintiff in the judgment. The general rule applicable to foreign attachments by the custom of London (from which our attachment laws are derived) is, that a debt of record in a superior court, and even a debt in suit, cannot be attached. Different reasons have been assigned, namely, that a record is of too high a nature to be attached; that it is against the dignity of the court to be thus interfered with; that the debt is quasi in custodia legis, and that the party has no opportunity to plead the attachment. 1 Rolle, Abr. 552; Com. Dig. "Attachment" D.; Bac. Abr. "Customs of London" H, 1; 1 Leon. 29, Cro. Eliz. 63; Cro. Eliz. 691; Shinn v. Zimmerman, 3 Zab. [23 N. J. Law] 150. But whatever may have been the ground of the rule, it has been adhered to in many of the states, though not in all. Serg. Attachm. 73; Drake, Attachm. §§ 638–643. The question is made to depend somewhat on the statutes of the particular states. In those of Mississippi, there does not seem to be anything peculiar, if that would make any difference in the result. Perhaps the best reason for the rule is, that an attachment of a judgment would be an inconvenient and dangerous interference with judicial proceedings, opening the door to fraud and collusion for the purpose of preventing the due course of justice. And there are peculiar reasons why the judgments of state and federal courts should not be subject to attachments issued by each other, in the desire which each should have to avoid conflicts of jurisdiction. A court has not done with a case when judgment has been rendered. Many things have often to be done besides issuing executions, many adjustments of rights have to be made, which require that the court should keep the supervision and control of its own judgment in its own hands. Any interference by other courts with this control, or with the prerogatives of executing its judgments and decrees in its own way, is calculated to excite jealousies between the courts concerned. We think the rule is a good one, and that it ought to be sustained. It is not without sanction in the decisions of the United States courts. Besides that of Justice Story, in Franklin v. Ward [Case No. 5,055], which is referred to in the brief of counsel the case of Wallace v. McConnell, 13 Pet. [38 U. S.] 136, is very much to the point. There a debt was attached in a state court after suit had been brought upon it in the United States court, and the attachment was set up by way of a plea, puis darrein continuance. This plea was demurred to and overruled, and the supreme court, on error, affirmed the judgment. The court held that to sustain such an attachment would produce a collision in the jurisdiction of the courts that would extremely embarrass the administration of justice; but that if the attachment had issued before commencement of suit in the federal court, it might have been pleaded in abatement, if still pending, or in bar, if judgment had been rendered thereon. This case virtually decides the one before us, and precludes further discussion. The injunction must be dissolved and the bill dismissed with costs. Decree accordingly.

———

THOMAS (WOOLDRIDGE v.). See Case No. 18,025.