MACK v. WINSLOW.

(Circuit Court of Appeals, Sixth Circuit. December 9, 1893.)

No. 108.

GARNISHMENT—PERSONS SUBJECT TO—COURTS.
    The defendants in a suit in which full jurisdiction has been acquired are not amenable to garnishee process by which another court attempts to reach the subject of the action, in a suit against the plaintiff.

In Error to the Circuit Court of the United States for the District of Kentucky.

Bill of interpleader by Elias Block and others against A. W. Darling, Eliza J. Darling, his wife, H. M. Winslow, as trustee for said

Eliza J. Darling and as an individual, and others, among them Leopold J. Mack. The fund in controversy was paid into court, and separate answers, making claims thereto, were filed by defendants Mack and Winslow, and a demurrer to the latter answer was filed by defendant Mack. The demurrer was overruled, and the claim of Mack was disallowed and judgment rendered for Winslow. Defendant Mack brings error. Affirmed.

Statement by RICKS, District Judge:

In 1884, A. W. Darling instituted a suit against Elias Block & Sons in the circuit court of Carroll county, Ky., and on the 1st day of December, 1884, the defendants removed that suit into the circuit court of the United States for the district of Kentucky. On the 22d of December, 1886, the plaintiff recovered a judgment in that suit against the defendants for the sum of $3,938.40, with interest from March 11, 1882, and costs. This judgment was forthwith assigned to various persons, and, among others, to H. M. Winslow as trustee for his wife, to whom he was largely indebted. Notices of these assignments were duly filed in the clerk's office of this court. This judgment was subsequently affirmed by the supreme court of the United States. 11 Sup. Ct. 832.

On the 11th day of December, 1886, Leopold J. Mack instituted his suit in the superior court of Cincinnati, Ohio, against A. W. Darling, who was a citizen and resident of the state of Kentucky, upon a draft for $989.56, with interest from November 23, 1881, and a further cause of action upon a promissory note for $1,010, and interest from November 20, 1883. On the same day the plaintiff filed in said suit his affidavit for an attachment, which recited, among other things, that the defendant A. W. Darling was a nonresident of the state of Ohio, and that Elias Block & Sons, a firm then doing business in the city of Cincinnati, in said state, were indebted to said defendant A. W. Darling in a sum unknown to the plaintiff, and that said Block & Sons had property of the defendant A. W. Darling in their possession, consisting of moneys, credits and choses in action. Upon the filing of this affidavit a writ of attachment was issued from the clerk's office of said court against the defendant, and a notice of garnishment, a copy of which attachment and notice of garnishment was duly served upon the individual members comprising said firm of Elias Block & Sons, and subsequently upon the firm itself. On the 20th of December, 1886, the sheriff of Hamilton county made his return upon said writs, reporting that the defendant A. W. Darling was "not found." On the 10th of February, 1887, an affidavit for service of the defendant A. W. Darling by publication, under the statutes of Ohio, was filed, and an order for publication duly made. On the 3d of May, 1890, the defendant Elias Block & Sons, garnishees, filed their answer, setting forth that on the day they were served with notice of garnishment, to wit, on the 13th day of December, 1886, a suit was then pending against them in the circuit court of the United States for the district of Kentucky, in which A. W. Darling was plaintiff; and that on the 22d of December, 1886, said suit was tried, and a judgment rendered therein against them in the firm name of Elias Block & Sons, for $3,938.40, with interest from March 11, 1882; and that assignments of said judgment by the plaintiff were made subsequent to the service upon them of notice of garnishment; that no part of said judgment has been paid, and that the indebtedness upon which said judgment was rendered in the said circuit court of the United States existed on said 13th day of December, 1886, and that said judgment still exists in favor of the plaintiff, and was in full force and effect when notice of garnishment was served upon them. On the 8th of July, 1890, the superior court of Cincinnati, Ohio, rendered a judgment in favor of the plaintiff, Leopold J. Mack, against the defendant A. W. Darling in the sum of $2,913.30, with interest from July 7, 1890, and ordered the garnishees, Elias Block & Sons, to pay the plaintiff the amount thereof within 10 days.

On the 16th day of June, 1891, the judgment debtors, Elias Block & Sons, filed their bill in equity in the nature of a bill of interpleader in the circuit court of the United States for the district of Kentucky against A. W. Dar-

ling, H. M. Winslow, trustee, and various other defendants, setting forth the proceedings in the two suits hereinbefore referred to. and asked for an order permitting them to pay into the court the amount of the judgment rendered against them in the circuit court of the United States in favor of said A. W. Darling; setting forth further the assignments of various parts of said judgment, amounting in the aggregate to $1,260, and the several parties named in said instruments, and the assignment of the residue of said judgment to H. M. Winslow, as trustee for the wife of said A. W. Darling; and setting forth also the proceedings in the superior court of Cincinnati, and the order of that court made thereunder, and asking that said parties be required to interplead, and that the court should direct to whom the fund should be paid.

Upon this bill an order was made by the circuit court, finding and adjudging "that the suit of A. W. Darling against complainants, for which judgment was recovered against them, was pending in this court when the suit of Leopold J. Mack against A. W. Darling was commenced in the superior court of Cincinnati, wherein the writ of garnishment was served on complainants, and that the judgment so recovered by said A. W. Darling against complainants in this court, the amount of which has been paid into court by said complainants herein, has been duly assigned to said H. M. Winslow, as trustee for Eliza J. Darling, subject to certain claims heretofore paid therefrom by order of this court. It is therefore considered by the court that the claim of Leopold J. Mack to said fund be disallowed, and that the balance thereof now remaining in the registry of this court be paid to H. M. Winslow, trustee."

Follett & Kelley, for plaintiff in error.

Thompson, Richards & Park, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and RICKS, District Judge.

RICKS, District Judge, after stating the facts as above, delivered the opinion of the court.

Upon the foregoing statement of facts, the only question of law presented for our consideration is as to the effect or operation of the proceedings by attachment in the superior court of Cincinnati. Those proceedings were instituted after the commencement of the suit against Block & Sons in the circuit court of the United States for the district of Kentucky. The jurisdiction of the latter court, and the right of the plaintiff to prosecute that suit in that court, having attached, that right could not be arrested or taken away by proceedings in another court.

But it is contended that it was not the purpose of the plaintiff in the attachment suit begun in Ohio to thereby arrest the suit then pending in Kentucky, but only to gain thereby a prior lien and claim by garnishee proceedings upon the fund due from Block & Sons to Darling.

It is further contended, inasmuch as the notice of garnishee from the Ohio court was actually served upon Block & Sons some nine days before the judgment in the circuit court of the United States in Kentucky was rendered, that therefore the lien of the plaintiff in the Ohio proceedings upon the credits and fund in the hands of the garnishee became prior and superior to any and every other lien. But such contention is not well founded. It is the prior pendency of a suit involving the same subject-matter in a court of competent jurisdiction that determines the tribunal to which the

defendant has a right to submit the conflicting claims of pursuing creditors.

The defendant debtor in such cases is equally interested in having the jurisdiction of the court correctly determined. If the exact hour and day upon which interlocutory proceedings took place in rival courts were to determine the priority of liens and claims to the credits in the hands of such defendant debtors, frequent collisions in the jurisdiction of courts would occur, and prove extremely embarrassing. So the courts have wisely determined that the prior pendency of a suit involving the same subject-matter is the test of priority in jurisdiction; and when a defendant is lawfully served with process, or otherwise legally made a defendant in such court, he is rightfully first amenable to the orders and judgments of that court, and protected by submitting himself thereto.

This doctrine is fully and clearly announced by the supreme court of the United States in the case of Wallace v. McConnell, 12 Pet. 136, and, though other authorities are cited by counsel, this one is sufficient and controlling. The defendants in the suit in the United States circuit court in the case above cited were not, therefore, amenable to the garnishee process under the attachment proceedings in the Ohio court.

The circuit court, upon the pleadings and evidence, found that the several assignments of partial interests in the judgment made by the plaintiff were valid, and that notice thereof had been duly given and filed in that court. Thereupon the order of distribution of the funds paid in by the judgment debtors was made by the court. Counsel, in their briefs, do not contend that there was any error in the order of the court finding the above assignments regular and valid. We understand the contention to relate solely to the priority of the lien upon the fund which the plaintiff, Mack, is claimed to have acquired by the attachment proceedings in the Ohio court, and this has been fully considered. It is not, therefore, necessary to determine the question whether or not the superior court of Cincinnati acquired jurisdiction of A. W. Darling by virtue of the attachment proceedings under which Block & Sons were garnished as having credits due to Darling, and by the subsequent service by publication.

We hold that the jurisdiction of the United States court in Kentucky over the defendants attached long prior to the institution of the suit in Ohio, and that thereby the defendant was first bound to fully answer the orders and judgments of that court, and, having done so, is protected thereby.

The judgment of the circuit court is affirmed.