MENEES v. MATTHEWS et al.

(District Court, M. D. Tennessee. June 22, 1912.)

No. 3,639.

1. GARNISHMENT (§ 44*)—PROPERTY SUBJECT TO—JUDGMENTS.

A judgment recovered in a court of one jurisdiction is not subject to garnishment in proceedings in a court of another jurisdiction, and a judgment of a federal court is not subject to garnishment in an action against the judgment creditor in a state court.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 90; Dec. Dig. § 44.*]

2. EXECUTION (§ 158*)—STAY AGAINST ISSUANCE—DISCRETION OF COURT.

Where a judgment of one court is levied on under a garnishment writ from another court, the granting of a stay of the issuance of an execution in the original action at the instance of the judgment debtor rests in the discretion of the court, which must ascertain whether the garnishment was prosecuted for a bona fide debt and without collusion with the judgment debtor.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 442–459; Dec. Dig. § 158.*]

3. EXECUTION (§ 158*)—STAY AGAINST ISSUANCE—DISCRETION OF COURT.

Where in actions at law in a state court plaintiff obtained writs of attachment by garnishment for levy on a judgment of a federal court, and on the day the papers in the actions came into the hands of the sheriff for execution he found the judgment debtors in the office of plaintiff's attorney, who had been the attorney of the judgment debtors, and he served the garnishment notice in the actions on the same day, date, and hour, except one minute difference in time of service in the cases, and the presence of the judgment debtors at the office of plaintiff's attorney was unexplained, the court would not grant a stay against the issuance of an execution on the judgment because not satisfied of absence of collusion between the plaintiff and the judgment debtors.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 442–459; Dec. Dig. § 158.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. MALICIOUS PROSECUTION (§ 4*)—EXECUTION—STAY—MISTAKE IN SERVICE OF CIVIL PROCESS. ·

Where a summons in a civil action issued against a person described as a citizen of a designated county was erroneously served on a person of the same name residing in another county, and plaintiff, on discovering· the mistake, took a voluntary nonsuit, an action for malicious·prosecution by the person erroneously served was without merit, and did not justify the granting of a stay of execution on the judgment obtained by plaintiff against other defendants, though such judgment was attached by garnishment in the action for malicious prosecution.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 4; Dec. Dig. § 4.*]

At Law. Action by Thomas Menees against T. J. Matthews and others. There was a judgment for plaintiff, and defendants applied for a stay of execution pending garnishment proceedings against them. Denied.

Action for damages by Thomas Menees, a citizen and resident of Missouri, against 29 citizens and residents of Tennessee, and M. H. Winders, a citizen of Kentucky, to recover damages for the destruction of a wheat thresher belonging to plaintiff, which it was averred the defendants, who were alleged to have been members of the Night Rider Association, had blown up or caused to be blown up. A plea to the jurisdiction having been filed on the ground of the citizenship of the defendant Winders, the plaintiff took a voluntary nonsuit as to said Winders and dismissed the suit as to him. And the case being reached for trial and it appearing that while the defendant James W. Johnson was described in the summons as a resident of Montgomery County, Tenn., the process had been erroneously served upon one James W. Johnson, a citizen of Robertson County, Tenn., the plaintiff in open court by his counsel stated that said Johnson upon whom process had been served, was not the Johnson intended to be sued, and thereupon likewise took a voluntary nonsuit as to the defendant Johnson, who had not been brought before the court by service of summons. The trial resulted in a verdict in favor of the plaintiff against all the remaining defendants except D. B. Porter. A motion for a new trial having been overruled, judgment was entered in plaintiff's favor on May 16, 1912, against the 27 defendants against whom the verdict had been returned, for $7,500 and interest from the date of the verdict, and the costs of the cause; for all of which execution was awarded.

On May 29, 1912, 21 of the defendants against whom the judgment had been rendered filed·a petition averring that they had submitted to said judgment and elected not to prosecute any appeal or writ of error thereupon; that on May 25, 1912, M. H. Winders, D. B. Porter, and J. W. Johnson, of Robertson County, Tenn., had severally brought suits in the Circuit Court of Robertson County, Tenn., against the plaintiff Menees to recover damages in the sum of $2,999.95 each for unliquidated damages, and had in said suits obtained writs of attachment against the estate of said Menees, which had been issued and executed by the service of garnishment notices upon all the defendants, except one, who had not yet been served. And said defendants, on the same day, as such garnishees, as set forth in said petition, filed a written motion that the issuance of execution on the judgment against them be stayed, except as to the costs, which they offered to pay, or if issued when the motion was heard, that the execution be recalled, except as to costs, and stayed until the determination of said attachment suits, on proper bonds being made by the defendants securing the payment of the judgment when it should be determined who was entitled to receive the proceeds thereof. A rule against the plaintiff Menees to show cause was granted on this motion on May 30, 1912, and the issuance of the execution ordered stayed pending action of the court upon such rule. The plaintiff thereupon filed an answer to the petition and motion, supported by affidavits.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Pitts & McConnico, of Nashville, Tenn., for petitioners.

H. N. Leech and Wm. M. Daniel, Jr., both of Clarksville, Tenn., and W. D. Sugg, of Springfield, Tenn., opposed.

SANFORD, District Judge. It appears that execution was issued under the judgment in this cause on May 27, 1912, three days before the temporary stay order of May 30, 1912. I am of opinion that the execution should neither be recalled nor further proceedings thereunder stayed, for the following reasons:

[1] 1. It is the general rule, supported by the great weight of authority and specifically approved by the Supreme Court of the United States, that a judgment recovered in the court of one jurisdiction is not subject to garnishment in proceedings in a court of another jurisdiction. Wabash R. Co. v. Tourville, 179 U. S. 322, 327, 21 Sup. Ct. 113, 45 L. Ed. 210; Drake on Attachment, § 625, p. 446; 14 Am. & Eng. Enc. Law (2d Ed.) 776, and cases cited in note 2; 20 Cyc. 1010, and cases cited in note 52. And consistently with this rule it has been held by what appears to be the unbroken weight of authority that a judgment in a Federal Court is not subject to garnishment in an attachment suit brought against the judgment creditor in a State court. Mack v. Winslow (C. C. A. 6) 59 Fed. 316, 319, 8 C. C. A. 134; Franklin v. Ward, 3 Mason, 136, 9 Fed. Cas. 711; Thomas v. Wooldridge, 2 Woods, 667, 23 Fed. Cas. 986; Henry v. Mining Co. (C. C.) 15 Fed. 649; Burrill v. Letson, 2 Speers (S. C.) 378; Drake on Attachment, sup. And see Wallace v. McConnell, 13 Pet. 136, 151, 10 L. Ed. 95; Greenwood v. Rector, Hempst. 708, 10 Fed. Cas. 1183.

In Mack v. Winslow, sup., the Circuit Court of Appeals, for this circuit held that where, nine days before a judgment had been rendered in a Circuit Court of the United States in Kentucky, an attachment suit had been brought against the judgment creditor in the State court of Ohio and garnishment notice served upon the judgment debtor, the jurisdiction of the Federal Court in Kentucky having attached prior to the institution of the suit in Ohio, "thereby the defendant was first bound to fully answer the orders and judgments of that (the Federal) court, and, having done so, is protected thereby."

In Franklin v. Ward, sup., Story, Circuit Justice, held that a judgment debtor in the United States Court in Rhode Island was not liable to be attached as a garnishee in a suit in a state court under the foreign attachment act of Rhode Island, upon principles "founded in law and general justice."

In Thomas v. Wooldridge, sup., in which Bradley, Circuit Justice, held that a judgment rendered in the circuit court of the United States could not be attached by process issued out of the state court against the plaintiff in the judgment, he said:

"And there are peculiar reasons why the judgments of state and federal courts should not be subject to attachments issued by each other, in the desire which each should have to avoid conflicts of jurisdiction. A court has not done with a case when judgment has been rendered. Many things have often to be done besides issuing executions, many adjustments of rights have to be made, which require that the court should keep the su-

pervision and control of its own judgment in its own hands. Any inter- ference by other courts with this control, or with the prerogatives of ex- ecuting its judgments and decrees in its own way, is calculated to excite jealousies between the courts concerned. We think the rule is a good one, and that it ought to be sustained. It is not without sanction in the deci- sions of the United States courts. Besides that of Justice Story, in Frank- lin v. Ward, Fed. Case No. 5,055, which is referred to in the brief of coun- sel the case of Wallace v. McConnell, 13 Pet. 136, 10 L. Ed. 95, is very much to the point. There a debt was attached in a State court after suit had been brought upon it in the United States court, and the attachment was set up by way of a plea, puis darrein continuance. This plea was de- murred to and overruled, and the Supreme Court, on error, affirmed the judgment. The court held that to sustain such an attachment would pro- duce a collision in the jurisdiction of the courts that would extremely embarrass the administration of justice; but that if the attachment had issued before commencement of suit in the federal court, it might have been pleaded in abatement, if still pending, or in bar, if judgment had been ren- dered thereon. This case virtually decides the one before us, and precludes further discussion."

In Henry v. Mining Co., sup., McCrary, Circuit Judge, said:

"The only question which I deem it necessary to consider is whether a debtor by judgment in a federal court can be subjected to garnishment at the suit of a creditor who proceeds against him in a state court. What- ever the rule may be with respect to the garnishment of a judgment debtor in the same court in which the judgment was rendered, I am of opinion that it would lead to great inconvenience and to serious conflict of juris- diction to hold that a judgment in one court may be attached by garnish- ment in another, especially where the two courts are of different jurisdic- tion, as in the case before us, and the decided weight of authority sus- tains this view. Drake, Attachm. s. 625; Young v. Young, 2 Hill (S. C.) 426; Burrill v. Letson, 2 Speers (S. C.) 378; Wallace v. McConnell, 13 Pet. 136, 10 L. Ed. 95; Wood v. Lake, 13 Wis. 94; Thomas v. Wooldridge, 2 Woods, 667, Fed. Cas. No. 13,918 (opinion by Mr. Justice Bradley); Franklin v. Ward, 3 Mason, 136, Fed. Cas. No. 5,055; Freeman, Ex'rs, s. 166. Upon these authorities, as well as upon what I conceive to be much better rea- son, I am constrained to hold that judgment in this court cannot be at- tached in a proceeding in a state court, and this ruling is conclusive of the motion to stay execution, which without considering the other questions raised, must be overruled."

I therefore hold, both upon authority and as a matter of sound reason and public policy, that the judgment in favor of the plaintiff in this court cannot be attached by the garnishment proceedings against the judgment creditor in the state court.

[2] 2. Furthermore, even where an attachment by garnishment from another court can be levied, the granting of a stay against the issuance of an execution in the original suit, at the instance of the garnishee, is not a matter of absolute right but one resting in the discretion of the court, which should, among other things, ascertain if the attachment is prosecuted for a bona fide debt "and without collusion with the debtor." Early v. Rogers, 16 How. 599, 608, 14 L. Ed. 1074.

[3] In the present case, in view of the affidavit of B. W. Robin- son as to the statement made by the defendant Cobb, and the unex- plained fact, shown by the affidavit of the deputy sheriff, that on the date the papers in the three suits in the State court came into his hands for execution he found J. E. Winters and twelve of the other moving defendants in the office of the attorneys for said plaintiffs

who had been previously attorneys for said defendants on the trial of this case in this court, and served the garnishment notice on said parties in the three suits on the same day, date and hour, except one minute difference in time of service in the three cases, I am not satisfied that these attachment suits are being prosecuted without collusion with the moving defendants. The presence of these parties at this place is not, I think, easily explainable upon the theory of mere coincidence, but strongly indicates pre-arrangement and concert of action in reference to the service of the garnishment notices. And for this reason alone I am of opinion that in the exercise of a sound discretion the stay of execution should be denied, even if the garnishments were otherwise valid.

[4] 3. Furthermore as it appears from the answer of the plaintiff to the defendants' petition that one of plaintiffs in the State court, namely, James W. Johnson, is a citizen of Robertson County, Tenn., who was not in fact sued as a defendant in the present case, the summons having been issued against one James W. Johnson described as a citizen of Montgomery County, Tenn., the suit brought by such citizen of Robertson County against the plaintiff on account of alleged malicious prosecution, because of the fact that he was served with process instead of a person of the same name residing in Montgomery County, appears to be entirely without merit and not of such character as to justify in any event a stay of execution in this case so far as the attachment in said suit is concerned.

4. An order will accordingly be entered overruling the motion for stay of execution at the cost of the moving defendants and discharging the temporary stay order.