COOKSEY v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, *Appellant.*

1. **Judgment**: PAROL EVIDENCE. Upon the trial of a plea of former ecovery and the production of a transcript of a justice of the peace n support thereof, showing judgment in favor of the plaintiff, parol evidence is inadmissible to show that the justice was directed by plaintiff's attorney, after the evidence was heard, to dismiss the suit.

2. ———: A BAR TO A SECOND SUIT. A cause of action upon which a judgment is rendered becomes merged in the judgment and cannot be the basis of a new action so long as the judgment is in force. Where, therefore, upon appeal from a judgment of a justice of the peace, the plaintiff dismissed his suit in the circuit court, that did not save another action begun by him before the dismissal on the same cause of action.

*Appeal from Holt Circuit Court.*—HON. H. S. KELLEY, Judge.

REVERSED.

*Strong & Mosman* for appellant.

Plaintiff's evidence as to his dismissal of the suit before the justice, was incompetent. *Wynne v. Aubuchon*, 23 Mo. 30; *Montgomery v. Farley*, 5 Mo. 233; *Bailey v. McGinniss*, 57 Mo. 362; *Jeffries v. Wright*, 51 Mo. 215; *Johnson v. Beazley*, 65 Mo. 250; *Rumfelt v. O'Brien*, 57 Mo. 569. The judgment obtained by plaintiff before the justice

merged his cause of action, and he had none when he instituted this suit in the circuit court. *Blake v. Downey*, 51 Mo. 437.

*James Limbird* for respondent.

NORTON, J.—This suit was instituted in the Holt county circuit court, to recover damages for injuries alleged to have been done to a mule of plaintiff, in consequence of the failure of defendant to erect and maintain cattle-guards at a farm crossing, and good and sufficient or lawful fences on the sides of its road, as well as its failure to erect and maintain sufficient gates at said farm crossing. The answer of defendant, besides being a general denial, set up that plaintiff ought not to have or maintain his said action for that, on the 23rd day of July, 1877, the plaintiff sued defendant for and on account of the injuries to the mule mentioned in the petition herein, before a justice of the peace, who had jurisdiction of such action, and on the 9th day of August, 1877, obtained judgment before said justice for said cause; that on the 10th day of August, 1877, the plaintiff instituted this cause; that the suit before said justice was for the same cause of action as that sued on in the amended petition herein. On the trial plaintiff obtained judgment, from which defendant has appealed, and among other errors assigned, it is alleged that the court erred in refusing to give the following declarations of law asked by the defendant, viz:

4. If the jury believe from the evidence that prior to the time of the commencement of this suit the plaintiff herein had brought an action before one Lucas, a justice of the peace, against the defendant for its injuries of the mule in suit, and had obtained a judgment for damages therefor, and that said judgment was still in force at the time of the commencement of the suit herein, then plaintiff cannot recover, notwithstanding said suit may have been dismissed by plaintiff after the commencement of this present action.

5.  If the jury find from the evidence that the plaintiff, on the 23rd day of July, 1877, began a suit before a justice of the peace of Forbes township, for injuries done to the mule mentioned in the petition, which injuries so sued for before said justice were the same for which he brings this suit, and that said plaintiff recovered a judgment before said justice on said cause of action, on the 9th day of August, 1877, and that afterward, on the 10th day of August, 1877, and while said judgment was still in force, he began this suit, then the court instructs the jury that the damages sustained by the plaintiff to said mule were merged in the judgment so rendered by said justice, and the plaintiff, prior to the dismissal of said suit before said justice, could not begin his suit in the circuit court, and their verdict must be for the defendant.

The evidence in the case, upon which these instructions were based, showed that plaintiff sued defendant before a justice of the peace on the 23rd day of July, 1877, for injuries done to his mule, and recovered judgment for the same on the 9th day of August, 1877, that from this judgment an appeal was taken by defendant on the 18th day of August, 1877, and that plaintiff afterward, on the 18th day of September, dismissed his suit.  The evidence also showed that, on the 10th day of August, 1877, plaintiff commenced this suit for the same cause of action that had been tried before the justice of the peace, and upon which plaintiff had obtained judgment.

Excluding from our consideration the verbal evidence which the court improperly received, over defendant's objection, tending to show that the justice of the peace, before whom the case was tried, was directed by plaintiff's attorney, after the evidence was heard, to dismiss the suit, we are of the opinion that the above instructions were fully warranted by the evidence, and that they should have been given.

Plaintiff's cause of action having been merged in the judgment obtained before the justice on the 9th day of

August, 1877, he had no cause of action on the 10th day of August, 1877, the time this suit was commenced. The dismissal of the suit on the 18th day of September following, after the cause had been appealed to the circuit court, could only have the effect of authorizing plaintiff to sue again after such dismissal, but could not relate back and give plaintiff a cause of action on the 10th day of August any more than the maturity of a note, not due when sued upon, after suit brought would authorize a recovery in such suit. "The cause of action is said to merge in the judgment establishing it, upon the same principle that a simple contract merges into a specialty. Courts, in order to give a proper and just effect to a judgment, sometimes look behind, to see upon what it is founded, just as they would in construing a statute seek to ascertain the occasion and purpose of its enactment. The cause of action, though it may be examined to aid in interpreting the judgment, can never again become the basis of a suit between the same parties. It has lost its vitality; it has expended its force and effect. All its power to sustain rights and enforce liabilities has terminated in the judgment or decree. It is drowned in the judgment and must henceforth be regarded as *functus officio*." Freeman on Judgments, § 215. Judgment reversed and cause remanded. in which all the judges concur.