Young v. Thrasher, *Appellant.*

Division One, June 19, 1894.

Practice: RES JUDICATA. When a judgment has been reversed and remanded with directions to modify it in a specified manner, the trial court can not reopen such judgment in order to adjudicate rights of the parties which accrued pending the appeal.

*Appeal from Greene Circuit Court.*

AFFIRMED.

*White & McCammon* and *C. W. Thrasher* for appellant.

(1) The decision of the supreme court in this cause is *res adjudicata* only as to matters before that court on appeal from the judgment of April 7, 1890, and not as to any matters or rights, which have accrued to defendant since said judgment was rendered and appealed from. And such decision of the appellate court, reversing and remanding this cause did not preclude the trial court from hearing and determining any new defense to the action which had arisen between the parties after said appeal, and before the last judgment was rendered, on May 1, 1893. It was the duty of the trial court to do full and complete justice between the parties by one judgment. 2 Black on Judgments, secs. 617, 618; *Choteau v. Allen,* 74 Mo. 56; *Duffit v. Crozier,* 17 Cent. Law Journal (Kan.), 233; *Hinkley v. Morton,* 103 U. S. 764; *Supervisors v. Kennicott,* 94 U. S. 498; *The Santa Maria,* 10 Wheat. 431; *Mead v. Billings,* 45 N. W. Rep. (Minn.), 228; *Mix v. People,* 14 N. E. Rep. (Ill.), 209; *Seabright v. Seabright,* 10 S. E. Rep. (W. Va.), 265; *Coleman v. Floyd,* 31 N. E. Rep. (Ind.),

75; *Gunter v. Laffin*, 7 Cal. 588. (2) So strict is this rule, that matters collaterally and incidentally considered in a suit, are uniformly held not to be concluded by the judgment therein. 2 Black on Judgments, sec. 611; 1 Herman on Estoppel and Res Adjudicata, pp. 324, 325; *Ridgely v. Stillwell*, 27 Mo. 128; *Fish v. Lightner*, 44 Mo. 268. (3) And for a much stronger reason, after occurring rights could not be affected by such judgment, the defendant was bound to interpose all the defenses to this suit, of which he had knowledge before final judgment was rendered therein by the trial court, and was entitled to an opportunity to do so before such final judgment, otherwise such rights would be concluded by said judgment. 2 Black on Judgments, sec. 754; 1 Herman on Estoppel and Res Adjudicata, pp. 130, 131; *Greenbaum v. Elliott*, 60 Mo. 25; *Caldwell v. White*, 77 Mo. 471; *Robinson v. Boyd*, 23 S. W. Rep. (Tenn.), 72; *Tompkins v. Drennan*, 56 Fed. Rep. 694; *Shelbina Hotel Ass'n v. Parker*, 58 Mo. 327; *Laffoon v. Fretwell*, 24 Mo. 258; *Pomeroy v. Benton*, 77 Mo. 79; *Chouteau v. Gibson*, 76 Mo. 38. (4) All questions concerning the validity of the judgments and executions, and the sheriff's sale thereunder, mentioned in the sheriff's deed, put in evidence by defendant, having been before litigated and determined between the same parties by said trial court in overruling plaintiff's motion to quash said executions, and set aside said sheriff's sale, as shown by the record are *res adjudicata* as between said parties hereto, and can not now be again considered in this proceeding. 2 Black on Judgments, sec. 691; 1 Herman on Estoppel and Res Adjudicata, pp. 569, 570; Freeman on Judgments, sec. 249; *Johnson v. Latta*, 84 Mo. 139; *Bennett's Adm'r v. Russell's Adm'r*, 39 Mo. 152. (5) General judgments at law against a married woman are fully authorized by Revised Statutes, 1889, and may be enforced

against her real estate, including assigned or unassigned dower in the same manner as if she were *feme sole*. R. S. 1889, secs. 1996, 4514, 6864; 1 McQuillin Pleading and Practice, sec. 105; *Van Rheeden v. Bush*, 44 Mo. App. 283; *Bruns v. Capstick*, 46 Mo. App. 397; *Gentry v. Templeton*, 47 Mo. App. 55.

*Haseltine Brothers* for respondent.

The circuit court could only follow the mandate of the supreme court. It had no other authority in the premises. *Stump v. Hornback*, 109 Mo. 277; *State ex rel. v. Given*, 75 Mo. 517; *Chouteau v. Allen*, 74 Mo. 56; *Conner v. Pope*, 23 Mo. App. 344; *Atkinson v. Dixon*, 96 Mo. 582.

MACFARLANE, J.—This is an action by plaintiff, as the widow of Henry C. Young, deceased, for the assignment of dower in the undivided half of a lot in the city of Springfield, Missouri. This is a second appeal by defendant. The judgment upon which the first appeal was taken was affirmed in all respects, except as to the time at which the annual payment of $200, as yearly value of dower, should be made. As to the time of such payment this court ordered a modification of the judgment and to the end that it might be made by the circuit court the judgment was reversed and the cause remanded with directions to the said circuit court to make the modification. See opinion, 115 Mo. 235, paragraph 8.

It appears, from the record on this appeal, that the mandate of this court was filed in the circuit court of Green county at the May term thereof, and on the first day of May, 1893, and without other notice to defendant than the filing implied, on said day, on motion of plaintiff, the cause was placed upon the docket and a judgment was thereupon entered in accordance with said mandate.

Defendant afterwards filed a motion to set aside the judgment upon the ground that it had been entered without notice to the defendant and without giving him an opportunity to be heard. Defendant also alleged in his motion that he had "a good and meritorious defense to said suit" which had accrued to him since the first trial and which he desired to plead in bar to said suit.

In support of this motion defendant filed an affidavit setting out his alleged defense as follows: "On the thirtieth day of September, 1892, and after the first trial of the above cause in this court, and while the same was pending in the supreme court by virtue of a deed duly executed, acknowledged and to said defendant delivered by the sheriff of the county of Greene, in the state of Missouri; said defendant acquired and now holds all the right, title and interest, which said plaintiff herein had in or to the land in plaintiff's petition mentioned as dower or otherwise, and that said deed was made by said sheriff under an execution sale on three executions against said plaintiff, one in favor of Heer Dry Goods Company, one in favor of one Cummings, and one in favor of one Dabbs; that defendant desires to set up the foregoing facts in defense of this suit; the defendant first learned of the said judgment in this suit on Saturday, May 13, 1893."

This motion was afterwards heard, and on the hearing, evidence in support of the facts alleged in the affidavit, was introduced. This motion was overruled and defendant again appealed.

The former judgment of this court was in affirmance of that rendered by the circuit court, and from which the appeal was taken, except as to the date at which plaintiff should be paid the adjudged yearly value of her dower. This error, the circuit court was directed, by the judgment of this court, to correct by making a

modification of the original judgment so as to make the allowance payable at the end of the year. The rights of the parties, as they existed when the original judgment was rendered, were fully settled and nothing remained for the circuit court to do but to enter the judgment so directed. This it did, and this only it had the power to do. *Chouteau v. Allen*, 74 Mo. 59; *Stump v. Hornback*, 109 Mo. 277.

A judgment which merely reverses that of the court of original jurisdiction, and remands the cause for further proceedings, is not a final judgment. But one of reversal is final "when it also enters or directs the entry of a judgment which disposes of the case." *Smith v. Adams*, 130 U. S. 167.

This court has the power, when sufficient data is before it, either to enter the proper judgment, or remand the case to the court of original jurisdiction, with directions to that court to make the proper entry. In either case the judgment is that of this court, and is final and conclusive of all matters involved in the litigation. The inferior court only carries into execution the judgment which has been rendered by this court. "Nothing is left to the judicial discretion of the court below." *Mower v. Fletcher*, 114 U. S. 127; Black on Judgments, sec. 34.

Rights of the parties, which may have accrued subsequent to the rendition of the original judgment, and which were not in issue in the proceedings in which it was rendered, would not be adjudicated therein, but the circuit court has no power to reverse, open or interfere with the judgment of this court, in order to settle such rights. They must be determined by a subsequent suit upon a different cause of action.

Defendant was not harmed by a failure to give him notice that the judgment of this court would be entered. Judgment affirmed. All concur.