TOURVILLE v. WABASH RAILROAD COMPANY, Appellant.

### In Banc, March 14, 1899.

1. **Practice**: JUDGMENT WHEN CAUSE IS REMANDED WITH DIRECTIONS. Where a cause has been remanded by the proper appellate court to the circuit court with directions "to enter judgment for the plaintiff" in a certain amount, the circuit court has no judicial discretion in the matter, and can not consider or determine other matters not included in the duty of entering judgment as directed.

2. ———: ———: EXECUTION. And in such case, the circuit court has no authority to quash an execution issued on such judgment, on the ground that it was erroneous.

3. **Garnishment:** JUDGMENT CREDITOR. When an effort is made in a garnishment proceeding to hold a judgment debtor in another suit as a garnishee, the court can not inquire into the validity of such judgment.

4. ———: ———: EFFECT OF FINAL JUDGMENT. A final judgment merges the cause of action, the debt sued for, into the judgment, from its date.

5. ———: IN ANOTHER STATE: FINAL JUDGMENT. After final judgment has been rendered in an action, the debt is not subject to garnishment in another State.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

GEO. S. GROVER for appellant.

(1) The first proceedings in East St. Louis, here under review, disclose a substantial compliance with the statutes of Illinois, and is all that is necessary in such cases. Secs. 42 to 58, Chap. 11, R. S. Ill. 1891; secs. 1 to 28, Chap. 62, R. S. Ill. 1891. (2) Even if such proceedings were irregular, the judgment was in the plaintiff's favor, and he is, therefore, estopped from here questioning them. Herman on Estoppel, sec. 53, p. 46; Freeman on Judg., sec. 249; Strong v. Ins. Co., 62 Mo. 289; Henry v. Woods, 77 Mo. 280; Shelbina Hotel Ass'n v. Parker, 58 Mo. 327; Caldwell v. White, 77 Mo. 471. (3) The payment by defendant of the first judgment, here under consideration, is a perfect defense to this action. Stevens v. Dillman, 86 Ill. 233; Drake on Attach., sec. 699; Osborne v. Schutt, 67 Mo. 712; Homes v. Corbin, 20 Mo. App. 497; Minor v. Roger Coal Co., 25 Mo. App. 78; Marchildon v. O'Hara, 52 Mo. App. 523. (4) The legal effect of the appeal to the circuit court in Missouri was to vacate and annul the judgment of the justice of the peace rendered in that State. Earl v. Hart, 89 Mo. 268. And the effect of the reversal of the first

Missouri judgment was to vacate it also, and to restore the parties thereto to the same condition in which they were prior to its rendition. Crispen v. Hannovan, 86 Mo. 160. (5) In the interval between the reversal of the first judgment in Missouri and the last one here appealed from, or from March 26, 1895, to May 3, 1895, the fund in defendant's hands was duly attached in Illinois on the first day of April, 1895, and, therefore, that proceeding in Illinois took precedence over the subsequent proceedings in Missouri. And the second judgment in Illinois against defendant, as garnishee, destroyed plaintiff's right to recover the same sum from defendant in this proceeding, as that judgment was entitled to full faith and credit in the courts of Missouri. Freeman on Judg., sec. 559; State to use v. Williamson, 57 Mo. 192; Turner v. Johnson, 95 Mo. 431; Wyeth H. & W. Co. v. Lang & Co., 127 Mo. 242; 12 Am. and Eng. Ency. Law, 148; Ins. Co. v. Thompson, 155 Ill. 204; Menken Co. v. Brinkley, 94 Tenn. 721; Bank v. Ins. Co., 83 Ia. 491; Harvey v. Railroad, 50 Minn. 405; Mills v. Duryee, 7 Cranch (U. S.), 480; Wallace v. McConnell, 13 Pet. (U. S.) 136; McElmoyle v. Cohen, 13 Pet. (U. S.) 312; Hanley v. Donoghue, 116 U. S. 4; Bank v. Rollins, 99 Mass. 313; Railroad v. May, 25 Ohio St. 347; Drake on Attach. (7 Ed.), sec. 700; R. S. 1889, sec. 4881; Starr & Curtis' Ann. Statutes, Illinois, ch. 51, sec. 13. (6) A judgment is subject to garnishment. Waples on Garnish., sec. 362. (7) A void judgment does not bar a subsequent action to recover the same debt. Freeman on Judg. (3 Ed.), sec. 117; Hope v. Blair, 105 Mo. 85. (8) And the first judgment, even if it was valid, not having satisfied the debt, can not be pleaded in bar by defendant to the second attachment proceeding in Illinois. Waples on Garnish., sec. 955; Drake on Attach. (7 Ed.), secs. 707 and 708; Barton v. Albright, 29 Ind. 489.

.Virgil Rule for respondent.

(1)   The East St. Louis court had no jurisdiction over the situs of the debt due from the defendant to Tourville, so that it could not bring it into court and condemn it to pay Flannigan.   Laws Ill. 1891, p. 141, sec. 3; Railroad v. Dougan, 142 Ill. 257; Todd v. Railroad, 33 Mo. App. 115; Fielder v. Jessup, 24 Mo. App. 91; Keating v. Am. Refg. Co., 32 Mo. App. 295; Bank v. Wickham, 23 Mo. App. 666; Railroad v. Siefert, 41 Mo. App. 41; Blackstone v. Railroad, 44 Mo. App. 557; Railroad v. Sharitt, 43 Kan. 375; Williams v. Ingersoll, 89 N. Y. 508; Osgood v. McGuire, 61 N. Y. 524.  (2)  The debt due Tourville being exempt from judicial process in the State of Missouri, where it was created, the exemption will follow the debt, as an incident thereto, into any other State or jurisdiction, into which the debt may be supposed to be carried.   U. S. Const., art. IV, sec. 1; Railroad v. Sharitt, 43 Kan. 375; Drake v. Railroad, 69 Mich. 168; Wright v. Railroad, 19 Neb. 175; Railroad v. Maltby, 34 Kan. 125; Todd v. Railroad, 33 Mo. App. 115; Baylies v. Houghton, 15 Vt. 626.   (3)   The East St. Louis court never obtained jurisdiction over Tourville in the second garnishment proceedings.   Under the decisions of both Missouri and Illinois, constructive service can confer no jurisdiction unless the requirements of the statute have been strictly complied with and the record must show affirmatively that jurisdiction of defendant has been properly acquired. McCloon v. Beattie, 46 Mo. 392; Drake on Attach., sec. 695; Tourville v. Railroad, 61 Mo. App. 533; Cunningham v. Railroad, 61 Mo. 36; Epstein v. Salorgne, 6 Mo. App. 354; Eaton v. St. Charles Co., 8 Mo. App. 184; s. c., 76 Mo. 492; Thormeyer v. Sisson, 83 Ill. 188; Haywood v. Collins, 60 Ill. 328.   (4)   The record failing to show proper service on Tourville, the presumption is conclusively against the judg-

ment. 1 Wade on Attach., sec. 47; Morrow v. Weed, 4 Ia. 77; Tift v. Griffin, 5 Ga. 185; Bank v. Judson, 8 N. Y. 254; Williams v. St. Louis W. Co., 8 Mo. App. 135; Raywood v. Collins, 60 Ill. 328. (5) The judgment of the East St. Louis court in the second garnishment proceeding, as well as the first, being void for want of jurisdiction, even though it had been prior to this judgment, would be no protection. 2 Wade on Attach., sec. 401; 1 Freeman on Judg., sec. 120; Mercier v. Chase, 9 Allen, 242; Houston v. Misgrove, 35 Tex. 594; Ponder v. Mosely, 2 Fla. 267; Shriver v. Lynn, 2 How. 43; Williams v. Railroad, 8 Mo. App. 135; Noble v. Thompson Oil Co., 79 Pa. St. 354; Borden v. Fitch, 15 Johns. 121; Gage v. Hill, 43 Barb. 44; Bissell v. Brigg, 9 Mass. 462; Shumway v. Stillman, 4 Cowen, 292. (6) It is the first judgment obtained that is binding. Tourville having obtained judgment in Missouri, before service by publication was begun in Illinois, the Illinois judgment is void. Williams v. Dent Iron Co., 30 Mo. App. 566; Wells, Res. Adj., sec. 292; Child v. Powder Works, 45 N. H. 547; Poorman v. Mitchell, 48 Mo. 45; Minor v. Rogers, 25 Mo. App. 80. (7) Flannigan stood in the shoes of Tourville, and could not be placed in a better position than Tourville himself was. Veil v. Tyler, 28 Mo. 545; Reege v. Fruin, 18 Mo. App. 141; McPherson v. Railroad, 66 Mo. 103; Funkhouser v. Eveland, 3 Mo. App. 692; Myer v. Ins. Co., 40 Md. 596. (8) Under the laws of Illinois the garnishee was bound to plead plaintiff's exemptions. Railroad v. Ragland, 84 Ill. 375; Railroad v. Mason, 11 Ill. App. 525. (9) Had the garnishee introduced the Illinois statute in the second garnishment proceeding, instead of making default, judgment would not have gone against it. Laws Ill. 1891, p. 141, sec. 3.

BRACE, J.—The defendant is a consolidated railway corporation separately organized under the laws of Michigan, Ohio, Indiana, Illinois, and Missouri, having business offices and agents in all of these States.

On the third of June, 1891, the plaintiff Tourville, a resident of the State of Missouri, being indebted on a promissory note to one Flannigan, a resident of the State of Illinois, the said Flannigan instituted a suit against him by attachment for the recovery of such debt before a justice of the peace in that State, in which on the same day the defendant railroad company was served with notice of garnishment in that State under the laws thereof. Afterwards on the tenth of June, 1891, the plaintiff instituted this suit against the defendant railroad company before a justice of the peace in the city of St. Louis to recover the sum of $81.98 on account of wages due him, not subject to execution, attachment or garnishment under the laws of Missouri. The defendant made default, and judgment was rendered against it in the justice's court, and thereupon the defendant took an appeal to the St. Louis City Circuit Court. In the meantime the attachment suit in Illinois having proceeded to judgment on the twenty-fifth of July, 1891, in the justice's court, against the railroad company for the sum of $21.80 and costs on its answer admitting its indebtedness to Tourville on account of the wages aforesaid in the sum of $71.83, but pleading the exemption of the sum from garnishment under the laws of Illinois and Missouri, and that judgment having been affirmed on defendant's appeal, by the city court of East St. Louis in that State, on the twenty-first of December, 1891, and the railroad company having paid that judgment, amounting to the sum of $43.38, on the sixth of January, 1892; when this case came on for trial in the St. Louis Circuit Court, on the twenty-third of January, 1892, this defendant railroad company interposed that judgment as a defense in part to plaintiff's action, and the circuit court allowed the same as a credit on plaintiff's demand, and rendered judgment in his favor against the defendant for the sum of $38.60, the balance of the amount sued for. From this judgment both parties appealed to the St. Louis Court of Appeals,

where on the twenty-sixth of March, 1895, the judgment was reversed "and the cause remanded with directions to the trial court to enter judgment for plaintiff for $81, the amount sued for."   [61 Mo. App. 534.]

Afterwards, on the first of April, 1895, and before the mandate of the court of appeals reached the circuit court, Flannigan instituted another suit by attachment against the plaintiff before a justice of the peace in the State of Illinois to recover the balance due on his debt, in which on the same day, the defendant was served with notice of garnishment. The writ in this proceeding was returnable April 27, 1895, and while the same was pending in Illinois, the mandate of the St. Louis Court of Appeals in this case reached the St. Louis City Circuit Court and on the third day of May, 1895, the defendant offered to said court, as evidence in the case, the affidavit, attachment bond and writ with the service thereon upon the defendant as garnishee, in the said second attachment suit so instituted by the said Flannigan against the plaintiff on the first day of April, 1895, in the State of Illinois. To the admission of this evidence the plaintiff objected; his objection was sustained. The defendant excepted, and thereupon the court entered judgment in his favor against the defendant for the said sum of $81 in pursuance of the mandate of the St. Louis Court of Appeals. The defendant again excepted, and on the same day filed its motion to set aside the judgment and for new trial on the ground that by entering said judgment and rejecting said evidence, the court refused to give full faith and credit to a valid proceeding instituted against the defendant in a sister State, in violation of section 1, article IV, of the Constitution of the United States. Which motion was overruled on the tenth day of June, 1895, and the defendant excepted. On the twenty-fifth of June, 1895, defendant filed its motion to modify the judgment and in support of said motion and as a part thereof, on the fifth day of July, 1895, filed a transcript and

copy of the proceedings in the second attachment suit in Illinois, showing judgment therein against Tourville in favor of Flannigan for $139.30 on the fifteenth of May, 1895, and judgment in his favor against the railroad company as garnishee for $81.98 on the fourteenth of June, 1895, and by reason thereof the defendant in its motion asked that the judgment in this case be modified by deducting therefrom the amount of said Illinois judgment. On the fifth of July, 1895, plaintiff filed a motion to strike the defendant's bill of exceptions from the files, and on the eleventh day of October, 1895, caused execution to be issued upon the judgment. On the twelfth of October, 1895, the defendant filed its motion to quash said execution, assigning the same reasons therefor as in its former motions and on the fourth of December, 1895, the court overruled defendant's motions to modify the judgment and quash the execution, to which action of the court defendant excepted, and thereafter in due time perfected its appeal.

(1) In order to convict the circuit court of error, much reliance is placed by counsel for defendant upon the case of Wyeth Hdw. & Manufacturing Co. v. Lang & Co., 127 Mo. 242, followed in Howland v. Railroad, 134 Mo. 474, in which it was held "that debts have no situs, but may be attached in any State other than that in which the debtor is a resident," or in the language of the syllabus of the first case, "Wherever a creditor may maintain a suit to recover his debt, it may be attached there as his property, provided the laws of such place authorize it." For the plaintiff it is urged that the doctrine of these cases is against the weight of authority, and should be overruled. In the view we take of the facts of this case, however, we do not find it necessary to enter into this discussion, and refrain from doing so for the reason that anything therein said might be considered *obiter* the case in hand. Nevertheless it may be well to note, in this connection, that the defendant in this case has a separate and independent corporate existence both in this State and in the State

of Illinois. "Railroad corporations, created by two or more
States, though joined in their interests, in the operation of
their roads, in the issue of their stock, and in the division of
their profits so as practically to be a single corporation, do not
lose their identity; but each has its existence and
its standing in the courts of the country only by
virtue of the legislation of the State by which it
was created, and the union of name, of officers, of
business and of property does not change their distinctive
character as separate corporations." [Nashau Railroad v.
Boston Railroad, 136 U. S. 356.] So that in the defendant,
we have two legal entities, one a corporation and citizen of
Illinois, the other a corporation and citizen of Missouri. With
the former the plaintiff had no dealings and it owed him noth-
ing. The latter became indebted to him in the sum of $81
for wages earned in Missouri, and under the law thereof ex-
empt from attachment, execution and garnishment, and while
it may be difficult to see how this debt due the plaintiff from
the Wabash Railroad Company of Missouri could be im-
pounded in the courts of Illinois by the service of garnishment
process on the Wabash Railroad Company of Illinois, the rul-
ing of the court of, appeals was not based upon the ground
that it was not so subject. On the contrary that court con-
ceding the fact that the debt was subject to garnishment in
the courts of Illinois, held that the laws of that State author-
izing the proceeding had not been complied with, and the
judgment by reason thereof was void, thus giving that pro-
ceeding all the faith and credit it was entitled to in the courts
of this State, as was the measure of its duty under the Consti-
tution of the United States. But whether it did so or not
its action in that behalf could not be questioned or reviewed
by the circuit court, which brings us to the actual case in
hand.

(2) The circuit court committed no error in rejecting
the evidence of the proceedings in the second attachment suit

in Illinois in rendering judgment for the plaintiff or in refusing to modify that judgment. It is true if the judgment of the circuit court had been simply reversed and the cause remanded, the case would have stood as though no judgment had ever been rendered, and the parties would have been entitled "to proceed in the court below to obtain a final determination of their rights in the same manner and to the same extent as if the cause had never been decided by any court." [Crispen v. Hannovan, 86 Mo. loc. cit. 168.] But such was not the case. The cause was remanded to the circuit court with directions "to enter judgment for the plaintiff for $81" and the circuit court had no judicial discretion in the matter. It had no power to enter any other judgment, or to consider or determine other matters not included in the duty of entering the judgment as directed. [State ex rel. v. Edwards, 144 Mo. 467; Rees v. McDaniel, 131 Mo. 681; Young v. Thrasher, 123 Mo. 308; Stump v. Hornback, 109 Mo. 272; Chouteau v. Allen, 74 Mo. 56.]

(3) The court committed no error in issuing execution on the judgment, nor in overruling defendant's motion to quash the same. The judgment of the St. Louis Court of Appeals rendered on the twenty-sixth of March, 1895, was a final judgment in the cause. [Young v. Thrasher, 123 Mo. 308; 1 Black on Judgments, sec. 34, p. 40, and cases, note 61; Mower v. Fletcher, 114 U. S. 127; Smith v. Adams; 130 U. S. 167.]

The entry of that judgment in the circuit court was a purely ministerial act, carrying into execution the judgment of the appellate court of the date and effect as rendered by that court. One of the effects of that judgment was to merge the cause of action, the debt sued for, in the judgment. "It was drowned in the judgment." It thereby "lost its vitality" and "all its power to sustain rights and enforce liabilities terminated in the judgment." [Cooksey v. Railroad, 74 Mo. 477; 1 Freeman on Judgments (4 Ed.), sec. 215; 2

Black on Judgments, sec. 674.] On the twenty-sixth of March, 1895, the old debt of the company to the plaintiff ceased to exist, and thereafter could not sustain any liability imposed thereon by the subsequent garnishment proceedings under the second attachment suit in Illinois. [15 Am. and Eng. Ency. of Law, p. 341.] But it is contended that the new debt, the judgment debt which took its place, was subject to garnishment. There has been a difference of opinion as to whether a judgment debtor would be held at all as garnishee of the judgment creditor, even in the court in which the judgment was rendered, the courts in some of the States holding one way, and in some of them the other. [Drake on Attachment (7 Ed.), sec. 622.] The learned author after giving some of the reasons sustaining the affirmative of the proposition, in section 625, says: "However strongly these reasons apply to the case of a garnishment of the judgment debtor in the same court in which the judgment was rendered, their force is lost when the judgment is in one court, and the garnishment in another. There a new question springs up, growing out of the conflict of jurisdiction which at once takes place. Upon what ground can one court assume to nullify in this indirect manner the judgment of another? Clearly the attempt would be absurd, especially where the two courts were of different jurisdictions or existed under different governments." This was the very absurdity which the circuit court was called upon to perpetrate by the motion to quash the execution and the other motions of defendant in the case. In refusing to do so, it committed no error, and the judgment is affirmed.

All concur, except MARSHALL and VALLIANT, JJ., not sitting.