# WABASH RAILROAD COMPANY *v.* TOURVILLE.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No 36. Submitted October 9, 1900.—Decided December 3, 1900.

The Wabash Railroad Company was a consolidated railroad corporation, separately organized under the laws of Illinois and the laws of Missouri. It became indebted to Tourville, who was in its employ, for a small sum for which he sued it before a justice of the peace of St. Louis. The complicated proceedings which followed are fully set forth in the opinion of this court. The judgment of the trial court being set aside by the Circuit Court, this court holds that the judgment of the Circuit Court was undoubtedly final; that it completed the litigation; and that it left nothing to the lower court but to enter the judgment which it directed. The holding by the Supreme Court of Illinois that the judgment was foreign to that State, and therefore not subject to garnishment there, is sustained by the weight of authority.

THE case is stated in the opinion of the court.

*Mr. Wells H. Blodgett* and *Mr. George S. Grover* for plaintiff in error.

*Mr. Virgil Rule* and *Mr. John D. Johnson* for defendant in error.

Mr. Justice McKenna delivered the opinion of the court.

The plaintiff in error is a consolidated railway corporation, separately organized under the laws of Illinois and Missouri. It was indebted to the defendant in error, whom we shall designate by his name,. Tourville, for work and labor performed in St. Louis, Missouri, in the sum of $81.98. Tourville was indebted on a promissory note for $132 to one Flannigan, who lived in East St. Louis, State of Illinois.

On the 10th of June, 1891, Tourville commenced an action before a justice of the peace of the city of St. Louis, against the plaintiff in error for his wages, and obtained a judgment by default for the sum of $75 on the 22d of June, 1891. From this judgment the plaintiff in error appealed to the Circuit Court of the city of St. Louis.

Prior to the suit by Tourville against plaintiff in error, to wit, on the 3d of June, 1891, Flannigan commenced suit against him before a justice of the peace of East St. Louis, Illinois, and caused the plaintiff in error to be summoned as garnishee. Tourville was not personally served, but plaintiff in error orally notified him and his attorney in time for him to make defence to the suit. He did not appear, and judgment was entered against him by default on July 13, 1891, for $132.

The plaintiff in error appeared in the action brought by Flannigan, and admitted indebtedness to Tourville in the sum of $71.83, and pleaded and claimed for him the exemption allowed by the laws of Illinois and Missouri; and also pleaded and proved that Tourville had recovered a judgment against plaintiff in error for his wages in the courts of Missouri, and that such wages were earned in Missouri under a contract made there, and were payable in the city of St. Louis, "and nowhere else," and were exempt from attachment by laws of that State,

because Tourville was the head of a family, residing with the same in the State, and had no property except his wearing apparel.

The Illinois exemption was allowed, which amounted to $50, but the Missouri exemption was disallowed, and judgment was rendered against plaintiff in error on the 25th of July, 1891, for the sum of $21.83. The company appealed to the City Court of East St. Louis.

On the 21st of December, 1891, the case came on for trial in the City Court of East St. Louis. Tourville did not appear. The plaintiff in error appeared and demanded a jury. The attachment was sustained, and a verdict found against Tourville for the sum of $132, and against the company as garnishee in favor of Tourville for the use of Flannigan for $21.83 and costs— amounting in all to $43.38. Execution was issued, and the company paid the judgment against it as garnishee.

On the trial of the action of Tourville against the company in the Circuit Court of St. Louis the facts stated above were stipulated, and the case submitted to the circuit judge, sitting as a jury, and judgment was rendered in favor of Tourville as follows:

Whole amount of wages..........................$81 98
Less judgment and costs paid by defendant in
   East St. Louis..............................  43 38
     Judgment against defendant...............$38 60

The plaintiff Tourville took an appeal to the St. Louis Court of Appeals which reversed the judgment, holding that the proceedings in garnishment, were void, on the ground that the justice's court of East St. Louis had no jurisdiction, because there was no personal service on Tourville, and the directions of the statute for substituted service had not been observed, and because plaintiff in error had failed to make this defence, although it appeared by the papers on file in the justice's office.

The opinion concluded as follows: "It results from the foregoing that the court erred in holding that the defendant company was entitled to credit for the amount paid by it in the garnishment proceedings. The judgment is reversed and the

cause remanded, with directions to the trial court to enter judgment for plaintiff for eighty-one dollars, the amount sued for and admittedly due if we disregard the garnishment proceedings." 61 Mo. App. 527.

The mandate was issued, and the court ordered "to enter judgment for plaintiff for eighty-one dollars, the amount sued for."

On the 21st of April, 1895, and before the mandate reached the Circuit Court, Flannigan instituted another suit by attachment against Tourville before a justice of the peace in East St. Louis, and the defendant in error was again summoned in garnishment.

On the return of the mandate to the Missouri Court of Appeals of the Circuit Court of St. Louis the proceedings in said suit and garnishment were offered in evidence, but ruled out, and the company excepted.

Judgment was then entered in favor of Tourville for $81 in pursuance of the mandate. The company again excepted, and moved to set the judgment aside, and for a new trial, on the ground that by entering said judgment and rejecting said evidence the court refused to give full faith and credit to proceedings against the defendant in a sister State, in violation of section 1, article 4 of the Constitution of the United States. The motion was overruled, and the defendant excepted. Subsequently a motion was made to modify the judgment, and in support thereof the proceedings in garnishment were again offered, and again ruled out. Execution was issued on the judgment.

On the 12th of October, 1895, a motion was made to quash the execution, based on the same grounds as former motions, which was also denied. The company then appealed to the Supreme Court of the State. That court sustained the rulings of the lower court and affirmed its judgment. 148 Mo. 614.

The Supreme Court said:

"The Circuit Court committed no error in rejecting the evidence of the proceedings in the second attachment suit in Illinois in rendering judgment for the plaintiff or in refusing to modify that judgment. It is true if the judgment of the Circuit Court had been simply reversed and the cause remanded the

case would have stood as though no judgment had ever been rendered, and the parties would have been entitled 'to proceed in the court below to obtain a final determination of their rights in the same manner and to the same extent as if the cause had never been decided by any court.' *Crispen* v. *Hannoran*, 86 Mo. *loc. cit.* But such was not the case. The cause was remanded to the Circuit Court with directions 'to enter judgment for the plaintiff for $81,' and the Circuit Court had no judicial discretion in the matter. It had no power to enter any other judgment or to consider or determine other matters not included in the duty of entering the judgment as directed. *State ex rel.* v. *Edwards*, 144 Mo. 467; *Rees* v. *McDaniel*, 131 Mo. 681; *Young* v. *Thrasher*, 123 Mo. 308; *Stump* v. *Hornback*, 109 Mo. 272; *Chouteau* v. *Allen*, 74 Mo. 56.

"3. The court committed no error in issuing execution on the judgment, nor in overruling defendant's motion to quash the same. The judgment of the St. Louis Court of Appeals rendered on the 26th of March, 1895, was a final judgment in the cause. *Young* v. *Thrasher*, 123 Mo. 308; 1 Black on Judgments, sec. 34, p. 36, and cases, note 64; *Mower* v. *Fletcher*, 114 U. S. 127; *Smith* v. *Adams*, 130 U. S. 167.

"The entry of that judgment in the Circuit Court was a purely ministerial act, carrying into execution the judgment of the appellate court of the date and effect as rendered by that court. One of the effects of that judgment was to merge the cause of action, the debt sued for, in the judgment. 'It was drowned in the judgment.' It thereby 'lost its vitality,' and 'all its power to sustain rights and enforce liabilities terminated in the judgment.' *Cooksey* v. *Kansas City &c. Railroad*, 74 Mo. 477; 1 Freeman on Judgments, § 215; 2 Black on Judgments, § 674. On the 26th of March, 1895, the old debt of the company to the plaintiff ceased to exist, and thereafter could not sustain any liability imposed thereon by the subsequent garnishment proceedings under the second attachment suit in Illinois. 15 Am. & Eng. Encycl. p. 341."

To the judgment of the Supreme Court this writ of error was sued out.

It is contended that full faith and credit were not given to

the proceedings in garnishment, and in support of it counsel has ably and fully discussed the law and effect of garnishment. We do not think it necessary to enter into that discussion as fully as counsel have. The judgment of the Court of Appeals was undoubtedly final. It completed the litigation, and left nothing to the lower court but to enter judgment for Tourville for $81. The lower court had no option or jurisdiction to do anything else. The rule precludes in that State the adjudication of rights occurring subsequently to the rendition of the original judgment. *Young* v. *Thrasher*, 123 Mo. 308.

This disposes of the various motions of defendant in error preceding the entry of the judgment on the mandate, and the motions to set aside the same and to grant a new trial. Is the motion to quash the execution entitled to different consideration? It is not clear from the opinion of the Supreme Court whether the lower court under the local procedure had as little power over the execution on the judgment as it had over the judgment entered on the mandate of the Court of Appeals. The Supreme Court, however, did hold that the judgment was foreign to Illinois, and therefore not subject to garnishment there. In this the court is sustained by the weight of authority. Drake on Attachments, sec. 625, and cases compiled in 14 Am. & Eng. Enc. of Law, 775, 776.

This court has held that to the validity of a plea of attachment the attachment must have preceded the commencement of the suit in which the plea is made. *Wallace* v. *McConnel*, 13 Pet. 136.

*Judgment affirmed.*

Mr. Justice Brewer dissented.