## UNITED STATES SHIPPING BOARD MERCHANT FLEET CORPORATION v. HIRSCH LUMBER CO.

Court of Appeals of District of Columbia.
Argued October 11, 1929. Decided
November 4, 1929.

No. 4786.

Leo A. Rover and I. V. McPherson, both of Washington, D. C., for appellant.

Harry B. Caton and Elwood Seal, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. On April 1, 1926, in the District Court of the United States for the Southern District of Florida, the South Atlantic Dry Dock Company secured a final judgment against the United States Shipping Board Merchant Fleet Corporation. The judgment was rendered nunc pro tunc as of February 4, 1926, for the sum of $19,028.28, with interest at the rate of 8 per cent. from the commencement of the suit.

The Hirsch Lumber Company, appellee herein, on July 18, 1923, in the circuit court, Fourth judicial circuit of Florida, recovered in a deficiency decree a money judgment against the South Atlantic Dry Dock Company in the sum of $3,689.98, with interest from April 2, 1923.

On May 24, 1927, the appellee, Hirsch Lumber Company, filed in the Supreme Court of the District a suit on its judgment against the South Atlantic Dry Dock Company, a nonresident, and on the same day sued out a writ of attachment against the dry dock company, naming appellant, the United States Shipping Board Merchant Fleet Corporation, garnishee. On June 6, 1927, appellant, as garnishee, filed in the court below its plea to the attachment. This plea disclosed that the South Atlantic Dry Dock Company had secured a final judgment in the District Court of the United States for the Southern District of Florida against appellant, the shipping board; and alleged that the board was a governmental agency, and that "said judgment can only be paid from moneys of the United States of America appropriated as aforesaid, to be disbursed by the Treasurer of the United States of America only in the manner provided by law for the payment of obligations of the United States of America"; and closed with a prayer that the writ of attachment be quashed. Thereupon appellee, the Hirsch Lumber Company, filed a demurrer. The demurrer was sustained, with leave to appellant to plead over. Appellant electing to stand on its plea, a judgment of condemnation was entered against the alleged credits of the South Atlantic Dry Dock Company to satisfy the above deficiency decree.

In a supplemental brief filed by appellant it is contended that the court erred in condemning the debt evidenced by the judgment of the dry dock company against appellant to satisfy the debt due appellee, the Hirsch Lumber Company, for the additional reason that "at the time the attachment herein was instituted and the writ of garnishment issued and served on appellant, said debt was already the subject of a suit and judgment in the United States District Court for the Southern District of Florida." Appellee, in reply, filed a brief contending, first, that section 457 of the District Code "expressly provides that debts due defendant on judgment or decree may be made the subject of an attachment levy," and, second, that "a debt evidenced by judgment in one court may be attached in another court."

The demurrer searches the record, and, since the record discloses that prior to the at-

tachment the alleged debt of the appellant, shipping board, to the dry dock company had been reduced to judgment in the state of Florida, the question whether the shipping board as judgment debtor may be held here as garnishee is one proper for our consideration.

▌ Drake on Attachments (7th Ed.) § 622, after reviewing the authorities in support of the affirmative of the question whether a judgment debtor may be held as garnishee of the judgment creditor, even in the court in which the judgment was rendered, says: "However strongly these reasons apply to the case of a garnishment of the judgment debtor in the same court in which the judgment was rendered, their force is lost when the judgment is in one court, and the garnishment in another. There a new question springs up, growing out of the conflict of jurisdiction which at once takes place. Upon what ground can one court assume to nullify in this indirect manner the judgment of another? Clearly the attempt would be absurd, especially where the two courts were of different jurisdictions or existed under different governments."

This view has received the approval of the Supreme Court of the United States. In Wabash Railroad Co. v. Tourville, 179 U. S. 322, 327, 21 S. Ct. 113, 114, 45 L. Ed. 210, the court said: "The supreme court [of Missouri, 148 Mo. 614, 624, 50 S. W. 300, 71 Am. St. Rep. 650], however, did hold that the judgment was foreign to Illinois, and therefore not subject to garnishment there. In this the court is sustained by the weight of authority. Drake, Attachm. § 625, and cases compiled in 14 Am. & Eng. Enc. Law [2d Ed.] pp. 775, 776."

In Thomas & Willis v. Wooldridge, 2 Woods, 667, 23 Fed. Cas. page 986, No. 13,918, in which Mr. Justice Bradley sat as Circuit Judge, it was held that a judgment rendered in a Circuit Court of the United States cannot be attached by process issued out of a state court against the plaintiff in the judgment. In the opinion, Mr. Justice Bradley said: "Perhaps the best reason for the rule is, that an attachment of a judgment would be an inconvenient and dangerous interference with judicial proceedings, opening the door to fraud and collusion for the purpose of preventing the due course of justice. And there are peculiar reasons why the judgments of state and federal courts should not be subject to attachments issued by each other, in the desire which each should have to avoid conflicts of jurisdiction. A court has not done with a case when judgment has been rendered. Many things have often to be done besides issuing executions, many adjustments of rights have to be made, which require that the court should keep the supervision and control of its own judgment in its own hands. Any interference by other courts with this control, or with the prerogatives of executing its judgments and decrees in its own way, is calculated to excite jealousies between the courts concerned. We think the rule is a good one, and that it ought to be sustained."

In Shinn v. Zimmerman, 23 N. J. Law, 150, 55 Am. Dec. 260, the question was whether a judgment obtained in another state could be attached in the state of New Jersey. The court, speaking through the Chief Justice, said: "Upon a question of conflict of jurisdiction, it is clear that the court which first acquires jurisdiction of the subject matter of controversy is entitled to exercise it, and to enforce the execution of its own judgment. If the court in Pennsylvania permit the attachment to supersede the execution, it would in effect permit the process of the courts of this state to interfere with the execution of its own judgment. It is obvious, moreover, that if executions may thus be arrested, it would, in respect to judgments in the state, as well as elsewhere, present a ready mode of embarrassing the administration of justice and delaying the process of the courts. * * * I am of opinion that a debt whereon judgment has been rendered upon which the party is liable to immediate execution is not the subject of attachment in the hands of the garnishee, and that the principle applies with peculiar force to judgments recovered in another state."

In 28 C. J. p. 143, § 183, the rule is thus stated: "While there is authority to the contrary, it is generally held that garnishment is not available to reach a debt upon which judgment has been rendered in another jurisdiction. Nor, in some jurisdictions, can garnishment reach a debt upon which a judgment has been rendered in another court of the same jurisdiction."

See, also, 12 R. C. L. p. 807, § 37; Henry v. Gold Park Mining Co. (C. C.) 15 F. 649; American Bank v. Rollins, 99 Mass. 313; American Bank v. Snow, 9 R. I. 11, 98 Am. Dec. 364; Burrill v. Letson, 2 Speers (S. C.) 378.

The Supreme Court of the United States having sanctioned the rule that a debt evidenced by a judgment in one jurisdiction may not be attached in another, it would serve no useful purpose to consider decisions to the contrary.

▌ In our view, section 457 of the Code is not inconsistent with the rule, if, as observed by Mr. Justice Bradley in the Wooldridge

Case, "that would make any difference in the result." That section provides that the attachment may be levied upon debts owing by any person to the defendant upon judgment or decree; but that execution may issue for the enforcement of such judgment or decree, notwithstanding the attachment, provided that the money collected upon the same be required to be paid into court to abide the event of the proceeding in attachment and applied as the court may direct. These provisions indicate that the attachment of a debt evidenced by a judgment must be in the court in which judgment was rendered.

It being unnecessary to consider other questions suggested by appellant, we reverse the judgment, with costs, and the cause is remanded.

Reversed and remanded.