## HURON HOLDING CORPORATION v. LINCOLN MINE OPERATING CO.

No. 8970.

Circuit Court of Appeals, Ninth Circuit.

Feb. 7, 1939.

Jess Hawley and Oscar W. Worthwine, both of Boise, Idaho, for appellant.

William H. Langroise, Erle H. Casterlin, and Sam S. Griffin, all of Boise, Idaho, for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellee, claiming ownership of a large quantity of mining machinery, equipment and supplies, sued appellant in the state court in claim and delivery for the return of the property and for damages for its detention. The cause was removed to the federal court on grounds of diversity of citizenship, and on trial before a jury appellee was awarded judgment for damages in the sum of $6,730.70.

The facts necessary to an understanding of the appeal are these: The chattels were in the possession of appellant's agent at the Lincoln Mine, in Gem County, Idaho. On June 4, 1936 appellee demanded the property, and on refusal of the agent to give possession this suit was brought. Before it came on for trial, and on October 15, 1937, appellant withdrew all claim to the property and appears to have permitted appellee to remove it. Thus the trial was limited to the inquiry as to the amount of appellee's damage for the detention.

Appellee produced evidence of the value of the chattels and of their rental value for the period from June 4, 1936 to October 15, 1937. There being no market at the mine, the testimony was as to values at Boise, in an adjoining county. The judgment rendered was apparently for damages measured by this rental value.

While a number of points are discussed in the briefs, appellant conceded on oral argument that but one of them is properly presented for review in the bill of exceptions. The others were abandoned. The one point reserved has to do with claimed error in sustaining an objection to the admission of certain evidence offered by appellant.

The evidence offered and rejected consisted of two exhibits. One of these was an authenticated copy of a chattel mortgage on the property in suit. This had been made by appellee in 1927 in favor of one Phillips. The other exhibit was an authenticated copy of an assignment of this mortgage by Phillips to Helen S. Pearson. The mortgage had been filed for record in Gem County and it does not appear to have been released or satisfied of record. It was given to secure the payment of a note in the sum of $45,000, a copy of which is set out in the body of the instrument. The maturity date of this note was January 1, 1929.

Evidence of the mortgage and the assignment of it was material, appellant

asserts, as showing that the mortgaged property could not lawfully be removed from Gem County and could not be sold or otherwise disposed of without the consent of the mortgagee.[1] Attention is called to two Idaho statutes, one of which provides that if mortgaged personal property is removed from the county where the mortgage is filed for record, the validity of the mortgage is not affected thereby unless the property be removed with the written consent of the mortgagee.[2] The other statute, § 17-3907, Idaho Code Annotated, is as follows: "Every mortgagor of property mortgaged in pursuance of the provisions of chapter ——— of Title ———, Idaho Code, who, while such mortgage remains unsatisfied in whole or in part, wilfully removes from the county or counties where such mortgage is recorded, or destroys, conceals, sells, or in any manner disposes of the property mortgaged, or any part thereof, without the consent of the holder of the mortgage, is guilty of larceny."

Appellant says that the proffered exhibits had a material bearing on the value of the use of the property, since, in the light of these statutes—more particularly the latter—none of it could have been removed, rented, or otherwise disposed of without the consent of the mortgagee's assignee. It is said that if the exhibits had been received in evidence appellee would have been under the necessity of showing that consent to such disposition had been or could have been obtained from the assignee; and that in the absence of such showing the jury must perforce have determined that the property had no use or rental value of which appellee was in position to avail itself.

We doubt whether collateral evidence of this sort was material or would be admissible in any event. Obviously its reception would lead to remote inquiries tending to confuse the issue and unduly prolong the trial. However, assuming that the fact might be provable in a proper case, it was at least necessary to show that there was in fact a lien. Concededly appellee was the owner of the property, and it is presumed that an owner may freely use and dispose of that which belongs to him. No impediment to removal or use of the property would appear unless it were shown that the mortgage was a subsisting lien and the situation thus brought within the ambit of the statute. The note secured became due in January, 1929. In the usual course it would have become barred by limitation five years from that date. Section 5-216, Idaho Code Annotated. On its face, the note had ceased to be an enforceable obligation, and, the debt being barred, the lien of the mortgage would, of course, fail with it. Appellant made no offer to prove any fact which might have tolled the statute or which would have rendered the mortgage a subsisting lien as of the time in question. In this posture of the case, there was no error in excluding the exhibits.

Affirmed.

———◆———

---

[1] There was evidence that there was no demand for such property in Gem County and that appellee could not have used it there.

[2] § 44-1007, Idaho Code Annotated.