## LINCOLN MINE OPERATING CO. v. HURON HOLDING CORPORATION et al.

### No. 9285.

Circuit Court of Appeals, Ninth Circuit.

April 30, 1940.

Sam S. Griffin, William H. Langroise, and Erle H. Casterlin, all of Boise, Idaho, for appellant.

Jess Hawley and O. W. Worthwine, both of Boise, Idaho, for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from two judgments of the United States District Court for the District of Idaho, Southern Division, both rendered after our affirmance of a judgment of the district court entered by it on March 3, 1938, in favor of appellant, in which were liquidated the damages in an action for claim and delivery. One of the judgments now appealed from is in favor of appellee Huron Holding Corporation, a New York corporation, hereafter called Huron, adjudging as paid and satisfied the judgment of March 3, 1938, against Huron and in favor of appellant Lincoln Mine Operating Company, an Idaho corporation, hereafter called Lincoln. The other judgment appealed from is one denying Lincoln's motion for judgment against appellee National Surety Corporation, on its undertaking given for a supersedeas on Huron's unsuccessful appeal from the judgment of March 3, 1938.

The district court held satisfied its judgment of March 3, 1938, because of a payment by Huron to a third party claimed to have a lien on the judgment created under an attachment process of a New York court. Hence, the district court denied a motion for execution against Huron and for a judgment against the Surety Corporation on its supersedeas undertaking.

Lincoln contends the district court erred in holding that a purported New York state court attachment of a judgment of a United States court, pending appeal thereon, can deprive the federal court either (a) of its right to cause execution thereon after affirmance or (b) of the right to grant the further relief of a summary judgment on the undertaking given for a supersedeas. Lincoln further contends that the New York attachment is invalid because (a) a foreign judgment while on appeal is not attachable under the laws of New York and (b) on appeal, a judgment based on a tort claim ceases to be a final judgment merging the unliquidated damages into a judgment debt and hence, is not attachable under the New York law. Our disposition of the first contention makes it unnecessary to consider the others.

Our affirmance* in Huron's appeal to this court from the judgment of March 3, 1938, was on February 7, 1939. Our mandate commanding execution of the judgment and other further proceedings in the district court was filed in the district court on March 13, 1939. Under Idaho law, Lincoln's attorneys were entitled to a lien on Lincoln's judgment for their one-third contingent fee and costs. The lien was filed and Huron paid the attorneys, thus satisfying the judgment to that extent. The contests here concern the satisfaction of a balance of $4,805.55.

While the appeal from the district court's judgment of March 3, 1938, was pending in this court, Lincoln, on June 29, 1938, was sued in New York by Manufacturers Trust Company, a New York corporation, hereafter called Manufacturers, upon Lincoln's promissory note to Manufacturers for $10,000 and interest. No personal service was had on Lincoln but Manufacturers published summons and served a copy of the summons and complaint on Lincoln in Idaho, and attachment process was issued and served on Huron in New York purporting to attach Lincoln's *judgment* (not Lincoln's cause of action) of the Idaho district court against Huron. Judgment in Manufacturers New York suit against Lincoln in the sum of $15,842.02 was rendered on February 27, 1939, that is to say, after our affirmance on appeal in the instant suit but before the filing on March 13, 1939, of our mandate to the Idaho district court for execution and other action there. The New York court's execution was issued on February 28, 1939, and on March 1, 1939, Huron paid the sheriff the $4,805.55.

It is upon these undisputed facts that the Idaho district court held the payment by Huron to the sheriff in Manufacturers New York suit of $4,805.55, the unpaid balance of the judgment of March 3, 1938, completely satisfied it, and held also that it would not enter judgment for that or any amount against National Surety Corporation on its supersedeas undertaking.

So far as Lincoln's claim of the invalidity of the New York attachment of a federal or any other foreign judgment is based on the contention that a judgment of a trial court ceases to be final when on appeal, it cannot be sustained. Deposit Bank v. Frankfort, 191 U.S. 499, 511, 24 S.Ct. 154, 48 L.Ed. 276. Super-

---

* 101 F.2d 458.

**440**

sedeas simply stays execution of the judgment but does not change its final quality.

Neither the district court nor Huron seriously question that federal judgments, as well as the judgments of those states in which their courts cannot garnish judgments of other states, have been held not subject to garnishment in foreign jurisdictions. Wabash Railroad Co. v. Tourville, 179 U.S. 322, 21 S.Ct. 113, 45 L.Ed. 210 (Missouri judgment garnished in Illinois); United States Shipping Board Merchant Fleet Corp. v. Hirsh Lumber Co., 59 App.D.C. 116, 35 F.2d 1010, 1011 (judgment of United States district court of Florida garnished in Sup.Ct. District of Columbia); Mack v. Winslow, 6 Cir., 59 F. 316, 319, (federal judgment garnished in state court); Henry v. Gold Park Mining Co., C.C.Colo., 15 F. 649, 650, (same); Thomas v. Wooldridge, 23 Fed.Cas. 986, 987, No. 13,918, Bradley, C. J. (same); Franklin v. Ward, 9 Fed.Cas. 711, No. 5,055, Story, C. J. (same). Cf. Wallace v. McConnell, 13 Pet. 136, 150, 10 L.Ed. 95 (garnishment by state court of cause of action in federal court before judgment does not stay proceedings in federal court). Freeman, Judgments, 7th Ed., § 622.

The district court below holds these decisions not applicable because of Erie Railway Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. That decision it contends makes the validity of the attachment of the Idaho federal judgment determinable by the law of New York, which is claimed to be that the attachment is valid. That is to say, it resolves the conflict of laws controlling the two courts in favor of that of the attaching court. The Supreme Court holds the contrary.

■ Furthermore, Erie Railway Company v. Tompkins, supra, 304 U.S. 78, 58 S.Ct. 822, 82 L.Ed. 1188, 114 A.L.R. 1487, plainly states that: "Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the state." Obviously, the specific question here is not one of a mere local state law but of the power of the United States district court, created and governed by acts of Congress, to issue execution to enforce its judgment or to render judgment on the supersedeas undertaking.

■ The appellant's judgment was not satisfied by Huron's payment to Manufacturers. The district court erred in both its judgments appealed from and they are reversed.

Reversed.