## SHINN v. ZIMMERMAN.

Money due on a judgment recovered in a court of record, either in this state or another state, cannot be attached in the hands of the defendant in such judgment on an attachment against the plaintiff therein.

This cause came into the court by writ of error to the Camden county Circuit Court. Charles H. Shinn had sued out of the Camden county Circuit Court a writ of attachment against Philip H. Hoenes, by virtue of which the sheriff had returned that he had "attached the said Philip H. Hoenes by a certain judgment debt in the hands of Geotleb Zimmerman," the defendant. Judgment being obtained against the defendant in attachment, a *scire facias* was issued therein against Zimmerman, as garnishee. The defendant to the *scire facias* appeared, and pleaded to the declaration thereon, that he did not owe Reeves, the defendant in attachment. On the trial of the cause at the circuit, before Justice Carpenter, the plaintiff, to support the issue, produced the exemplified copy of a judgment obtained by Zimmerman, the garnishee, against Hoenes, the defendant in attachment, in the District Court of the city and county of Philadelphia, in the state of Pennsylvania.

The court being of opinion that a judgment obtained in another state could not be attached in the state of New Jersey, and that the return of the sheriff did not sufficiently set out and specify the debt attached, on application of the defendant, ordered the plaintiff to be nonsuited. To this opinion a bill of exceptions was prayed, and sealed. Errors were assigned upon the exceptions taken to the opinion of the court, and upon this assignment of errors the argument was had, at April term,

1850, before the CHIEF JUSTICE and Justices NEVIUS and OGDEN.

*Dudley*, for plaintiff in error ; *Mulford*, for defendant.

The CHIEF JUSTICE delivered the opinion of the court.

The material question presented for consideration in this case is, whether a judgment recovered in another state can be attached under the law of this state for the relief of creditors against absent and absconding debtors.

The language of the statute is sufficiently comprehensive to include every species of indebtedness. By the writ, the sheriff is commanded to attach the rights and credits of the debtor ; and upon the *scire facias* against the garnishee he is to plead " that he was not indebted to the defendant."

But, notwithstanding the comprehensive phraseology of the act, it is well settled that all rights and credits are not the subject matter of attachment.

Thus, prior to the recent enactment, it was held that a personal legacy was not liable to attachment; partly because it was not a common law right, but mainly because the executor, if made a garnishee in attachment, would be compelled to make payment without the indemnity of a refunding bond. *Thorn* v. *Wright*, 4 *Halst.* 115, *note. Executors of Woodward* v. *Woodward*, 4 *Halst.* 118.

So, also it has been held that a salary due to a public officer in the hands of the state treasurer is not liable to attachment; because the state might thus be compelled to become a party defendant at the suit of a private individual. —— v. *Davies* decided in this court at —— term, 18

Nor can money paid into court or to the sheriff be attached while in the hands of the officer, upon considerations of public policy. *Com. Dig. Attachment D. ; Ross* v. *Clarke*, 1 *Dall.* 354.

The argument, therefore, drawn from the comprehensive phraseology of the act is by no means conclusive. The statute must be so construed as not only to promote the benefit of the creditor, but the advancement of justice and the protection of the just rights of the debtor and of the garnishee.

There are cogent considerations, founded both on the due administration of justice and on the protection of the rights of the debtor and garnishee, against the liabilities to attachment of judgment debts.

The statute manifestly contemplates a power in the garnishee to withhold the payment of the debt from his creditor upon being served with the attachment, and a power of defending himself against the claim of his creditor after payment under the attachment. It never could have been designed to subject him to the liability of twice paying the debt, or to deprive him, after paying the debt under the attachment, of a legal defence to the claim of his creditor. The whole design of the statute, in this respect, is to place the attaching creditors in the place of the original creditors of the garnishee. And hence the attachment is a good plea to an action for the recovery of the debt. But if the debt be attached after judgment, what protection has the garnishee against the judgment or the claim of the attaching creditor? His property is liable to immediate seizure and sale under the execution upon the judgment, while, at the same time, he is made liable for the amount of the judgment to the attaching creditor. If it be said that the court will exercise its controlling power to prevent such injustice, the answer is, that even when the judgment is in one of the courts of this state, the levy and sale may be made at a time when the court cannot exercise its controlling power. And when the judgment is recovered in another state, we have no ground for assuming that the court will stay the execution of its process on account of an attachment issued here. I know of no rule of law, no consideration of policy or courtesy, which would or ought to induce any court of Pennsylvania to suspend its process, and to withhold from one of its own citizens the recovery of a debt adjudged to be due, because, after the recovery of the judgment, the debt has been attached under the process of this state. When the attachment is levied before the commencement of the suit against the garnishee, then a different principle applies, and the legal process of another state will be respected.

Upon a question of conflict of jurisdiction, it is clear that the court which first acquires jurisdiction of the subject matter of controversy is entitled to exercise it, and to enforce the execution of its own judgment. If the court in Pennsylvania permit the attachment to supersede the execution, it would in effect permit the process of the courts of this state to interfere with the execution of its own judgment. It is obvious, moreover, that if executions may thus be arrested, it would, in respect to judgments in the state, as well as elsewhere, present a ready mode of embarrassing the administration of justice and delaying the process of the courts.

If the garnishee in this case be held liable to the attaching creditor, and be compelled to pay the debt here, I see no legal protection that he has against an execution upon the judgment in Pennsylvania. To this burthen the garnishee should not be exposed.

This view of the case is fully sustained by the authorities. No case has been referred to, none is known to exist, to sustain the position, that a judgment debt is liable to attachment. The authorities are clear against the position.

A debt recovered by judgment at Westminster cannot be attached under the custom of London. *Sir John Parrot's case,* *Cro. Eliz.* 63; *Kerry* v. *Bower, Cro. Eliz.* 186; *Com. Dig. "Attachment"* D.

Nor money directed to be paid by a master's *allocatur,* or awarded under a rule of court, which is in the nature of a judgment. *Coppel* v. *Smith,* 4 *T. R.* 312; *Grant* v. *Harding,* 4 *T. R.* 312, *note.* And the reason assigned is, that the party has then no time to plead it. 2 *Bac. Abr.* 260, " *Customs of London,"* *H.* 1. In *Franklin* v. *Ward* (3 *Mason* 136) Story, Justice, held that a judgment debt, on which execution may presently issue is not liable to be attached under the foreign attachment act of Rhode Island.

So the Supreme Court of Massachusetts have uniformly held that a debt upon which judgment has been recovered, or against the recovery of which the law furnishes no defence, is not liable to attachment in the hands of the debtor under the

laws of that state. *Sharp* v. *Clark*, 2 *Mass.* 91 ; *Howell* v. *Freeman*, 3 *Mass.* 121 ; *Prescott* v. *Parker*, 4 *Mass.* 170.

In *Thorndike* v. *Dewolf*, 6 *Pick.* 123, the court said " that the trustee process shall be served before the party summoned shall be concluded by the state of the pleadings against showing in defence that the debt or property is attached in his hands." These cases rest not exclusively or mainly upon the phraseology of the law of Massachusetts, but upon general principles founded in law and justice. These principles were adopted by Justice Story in the case of *Franklin* v. *Ward*, and they are equally applicable to proceedings under the statute of this state.

I am of opinion that a debt whereon judgment has been rendered upon which the party is liable to immediate execution is not the subject of attachment in the hands of the garnishee, and that the principle applies with peculiar force to judgments recovered in another state.

But it is urged that this objection cannot avail the garnishee, after having pleaded to the action, and put himself upon the defence, that he was not indebted to the defendant in attachment. This might be true where the attachment has been served, and there is a valid judgment against the defendant in attachment. It is incumbent upon the plaintiff, in order to sustain his action against the garnishee, to show a judgment recovered against the defendant in attachment. This the plaintiff on the trial below attempted to do, but failed. The attachment was never served, or, what is tantamount, it was served upon property not liable to attachment. The service was therefore void. The judgment founded upon it was not voidable, but void. The plaintiff failed to sustain his case, and the nonsuit was rightly ordered. It would seem, from an examination of the sheriff's return to the attachment and of the record of the judgment in Pennsylvania, that there are other grounds upon which, perhaps, the ruling of the judge at the circuit might be sustained. But I lay no stress upon them, preferring to decide the cause upon the point raised below, and mainly relied upon by counsel on the argument.

The judgment must be affirmed.

CITED *in Davis* v. *Mahaney*, 9 *Vr.* 107 ; *Hill* v. *Beach*, 1 *Beas.* 46.