HENRY and another v. GOLD PARK MINING CO.*

(*Circuit Court, D. Colorado.* March 28, 1883.)

GARNISHMENT.

    A judgment of one court is not attachable under process issued out of another court.

One John W. Bailey sued the plaintiff Henry in one of the courts of the state of Colorado, and, having caused a writ of attachment to issue, served process of garnishment upon the defendant, the Gold Park Mining Company. The garnishee answered, admitting that it is indebted to plaintiff Henry in the sum of $4,942.47 on a judgment against him in this court, in this cause, and thereupon moved this court to stay execution upon the judgment until the matter of its liability in the state court can be determined. This is the motion now to be considered.

*From the Denver Law Journal.

*Wells, Smith & Macon,* for the motion.

*Samuel T. Rose* and *Chas. J. Hughes, contra.*

McCRARY, J. The only question which I deem it necessary to consider is whether a debtor by judgment in a federal court can be subjected to garnishment at the suit of a creditor who proceeds against him in a state court. Whatever the rule may be with respect to the garnishment of a judgment debtor in the same court in which the judgment was rendered, I am of the opinion that it would lead to great inconvenience and to serious conflict of jurisdiction to hold that a judgment in one court may be attached by garnishment in another, especially where the two courts are of different jurisdiction, as in the case before us, and the decided weight of authority sustains this view. Drake, Attachm. § 625; *Young* v. *Young,* 2 Hill, (S. C.) 426; *Burrill* v. *Letson,* 2 Speers, 378; *Wallace* v. *McConnell,* 13 Pet. 136; *Wood* v. *Lake,* 13 Wis. 94; *Thomas* v. *Wooldridge,* 2 Wood, 667, (opinion by Mr. Justice BRADLEY;) *Franklin* v. *Ward,* 3 Mason, 136; Freeman, Ex'ns, § 166.

Upon these authorities, as well as upon what I conceive to be much better reason, I am constrained to hold that a judgment in this court cannot be attached in a proceeding in a state court, and this ruling is conclusive of the motion to stay execution, which, without considering the other questions raised, must be overruled. Ordered accordingly.