HEYL v. TAYLOR.

(Supreme Court, Appellate Term. June 29, 1909.)

1. EXECUTION (§ 402*)—SUPPLEMENTARY PROCEEDINGS—COMPELLING CONVEYANCE OF REALTY TO RECEIVER.

The court has no power to compel a judgment debtor to convey real property situated within or without the state to his receiver in supplementary proceedings.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 402.*]

2. EXECUTION (§ 358*)—SUPPLEMENTARY PROCEEDINGS—NATURE.

Supplementary proceedings are statutory creations, and warrant for action taken therein must be found in the statute.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1091; Dec. Dig. § 358.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. JUDGMENT (§ 824*)—NONAPPEARANCE OF DEFENDANT NOT PERSONALLY
SERVED—EFFECT OF JUDGMENT.
  The judgment of a court of a sister state, recovered in attachment pro-
ceedings in which the defendant, a resident of New York, was not per-
sonally served with process and did not appear, binds only such of his
property as is found within that jurisdiction.
  [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 824.*]

4. ATTACHMENT (§ 73*)—PROPERTY SUBJECT TO—DEBT MERGED IN FOREIGN
 JUDGMENT.
  The legal situs of a judgment being in the state of its rendition, and
the debt for which it was recovered being merged in the judgment, where
a judgment was recovered in New York on a debt owing by a resident of
Connecticut, the debt thereafter was not property of the judgment cred-
itor in Connecticut, which could be reached by an attachment proceed-
ing against him in that state.
  [Ed. Note.—For other cases, see Attachment, Dec. Dig. § 73.*]

 Appeal from City Court of New York, Special Term.

 Action by George Edward Heyl against Henry A. Taylor. A mo-
tion in supplementary proceedings to compel defendant to convey his
real property in another state to his receiver was denied, and a mo-
tion to stay proceedings until a foreign attachment was disposed of
was granted, and plaintiff appeals. Order denying motion affirmed,
and order granting motion reversed, and motion denied.

 See, also, 116 N. Y. Supp. 1149.

 Argued before GILDERSLEEVE, P. J., and SEABURY and
LEHMAN, JJ.

 I. Balch Louis, for appellant.
 Oscar B. Bergstrom, for respondent.

 SEABURY, J. The plaintiff herein has recovered a judgment
against the defendant, upon which execution was issued, supplementary
proceedings taken, and a receiver in such proceeding duly appointed.
At the time of the commencement of the proceedings supplementary
to execution the defendant was domiciled in the state of Connecticut
and had an office for the transaction of business in the city of New
York. The defendant is the owner of certain real property situated
in the state of Connecticut. After the appointment of the receiver in
supplementary proceedings an action was commenced in the state of
Connecticut by the National Rubber Company against the plaintiff.
In that action the plaintiff was not personally served, but a writ of at-
tachment was issued, garnishing the debt due this plaintiff from this
defendant, and notice of this proceeding was served upon this defend-
ant. In the court below two motions were made. In one motion the
plaintiff sought an order compelling the defendant to execute to the
receiver a conveyance of his real property in the state of Connecticut.
This motion was denied. The other motion was made by the defend-
ant for an order staying further proceedings in this action until the
foreign attachment is disposed of. This motion was granted. From
both of the orders so made, the plaintiff appeals to this court.

 Two questions are presented for decision: (1) Has the City Court
of the city of New York power to compel the defendant to convey real

estate in Connecticut, of which he is the owner, to a receiver appointed in New York state in supplementary proceedings of the property of the judgment debtor? (2) Was the action of the court below in staying proceedings upon the judgment in this action until the termination of the attachment proceedings in Connecticut proper?.

1. The court is without power to compel a judgment debtor to convey real property situated within the state to his receiver in supplementary proceedings. This was distinctly held in Moyer v. Moyer, 7 App. Div. 523, 40 N. Y. Supp. 258. Nor is there any power resident in the court to compel a judgment debtor to convey real estate in a foreign jurisdiction to his receiver in supplementary proceedings. The fact that no purpose could be served by such an order when the property is situated within the state, because in such a case the real property of the debtor vests in such receiver on filing the order appointing him as provided by section 2468, Code Civ. Proc., distinguishes these two classes of cases; but this distinguishing characteristic does not obviate the objection that the court is without power to make such an order in proceedings supplementary to execution. The fact that courts of equity, acting in personam, may decree specific performance of contracts for the sale of lands in foreign states, is no authority for the action which the plaintiff urges the court to take in this case. Supplementary proceedings are statutory creations, and warrant for the action taken in these proceedings. must be found in the statute. The statute confers upon the court no power to compel a judgment debtor to convey to his receiver in supplementary proceedings real property situated in a foreign state.

It follows that the order denying the motion of the plaintiff was proper, and should be affirmed.

2. Whether the action of the court below in staying proceedings upon the judgment in this action until the termination of the attachment proceedings in Connecticut was proper depends upon the effect to be accorded to the Connecticut proceedings in the courts of this state. The plaintiff was not personally served with process and did not appear in the attachment proceedings in Connecticut, and those proceedings therefore operate only upon property of the debtor which is within that jurisdiction. In Ward v. Boyce, 152 N. Y. 191, 195, 46 N. E. 180, 36 L. R. A. 549, Judge O'Brien said:

"The judgment of a court of a sister state, recovered upon trustee process or attachment proceedings, in which the defendant is not personally served with process and does not appear, is effectual only to bind such property of the debtor as is found within the jurisdiction. It can form no basis for a personal judgment, and cannot affect the title of property not seized or attached, and not within the jurisdiction of the sovereignty where the proceedings are had."

The property claimed to be attached is the debt which this defendant owed to the plaintiff. That debt, however, is merged in the judgment which the plaintiff has recovered, and the legal situs of the judgment is the state of its rendition. It cannot be said to be property of the debtor within the state of Connecticut, and as was said in Ward v. Boyce in reference to a note having its situs here:

"According to the settled doctrine of this court, the courts of that state had no power in such a proceeding to make any decree affecting its title or ownership."

The Connecticut court not having acquired jurisdiction either of the person of the plaintiff or of the res, its proceedings were without legal effect, and it was error for the court below to stay proceedings upon the judgment here pending the termination of the ineffective proceedings which had been instituted in Connecticut.

It follows that the order staying the proceedings upon the judgment in this action should be reversed, and the motion denied. All concur.