# EUGENIO TORAL, Plff.,

*v.*

# ELOY PEREZ, Dft.

San Juan, Law, No. 1077.

On Notice from a Local Court of Attachment of a Judgment in This Court.

Costs—Attorney's Lien.

1. Where a party has recovered judgment, his costs, and any lien which his attorney may have, will be protected before the court will allow any fund which has been properly collected through its process to go out of court.

Costs—Intervener.

2. An intervener cannot make himself a party to a suit without taking the usual steps required of an original party, such as making a deposit for costs.

Attachment—Federal Court—Insular Court.

3. A fund in the Federal court cannot be attached by an order of an insular court, as one court cannot interfere with the decisions of another court.

Comity between Courts—Ancillary Jurisdiction.

4. It seems that, even as a matter of comity between courts, one court has not the authority to tie up money won by a plaintiff in a suit before it upon the order of another court, and much less at the simple request of a private party, although it could undoubtedly do so when acting within its ancillary jurisdiction.

Functions of American Courts.

5. A court under the American system of jurisprudence is not a government institution in the sense that it owes any duty to a co-ordinate branch of the government, except in so far as that branch is a litigant.

Opinion filed February 29, 1916.

Toral v. Perez.

*Mr. E. B. Wilcox* for plaintiff.

*Mr. Antonio Sarmiento* for petitioners.

HAMILTON, Judge, delivered the following opinion:

In this case a petition has been filed by Sucesores de Villamil & Company, reciting that they have a proceeding against the plaintiff in the local district court, and have obtained the usual order to secure the effectiveness of their ultimate judgment.

It seems that in this Federal court Toral has recovered a judgment against Perez, and execution has been levied and is about to be realized. It appears from the petition that Villamil & Company have notified the marshal of this court of the existence of this attachment in the local court, and now, on February 25th, they go further and notify this court itself, and ask that an order be issued directing the clerk and the marshal to hold subject to such local attachment any amount to be collected on the execution of the judgment of this court, so that it may be applied to the satisfaction of the order of attachment in the local court. The matter has been argued from two or three different points of view.

1. In the first place, it goes without saying that any costs in this court, and any lien that the plaintiff's attorney has in this court, would be protected in any event, before the court would turn over money which has been properly recovered through its process, and before it would allow such fund to go out of the court. That is not contested by the petitioner, so that it need not be further discussed.

2. In the second place, the point is made that Villamil & Company cannot come in as petitioners for any purpose, make themselves parties in any way, without doing as any other party to a suit must do, and making a deposit for costs, etc. That is doubtless true. A petitioner cannot come even by intervention into another suit without taking the usual steps that an original party would take, giving security for costs, and whatever else may be the proper procedure. The matter of personal jurisdiction might not arise. I do not decide that as to this particular case, but there might be cases in which it could not be insisted that the parties were citizens of the same state, when the court had jurisdiction for all purposes. This also is not disputed by the petitioner. They say that they do not come in as parties, that they address themselves to the discretion of the court, and are not parties in any strict sense of the word. That will be examined in a moment.

3. In the next place, it is argued by the attorney for the plaintiff herein that there can be no attachment of any kind of a fund in this court by orders of a local court, and the case of Henry v. Gold Park Min. Co. 5 McCrary, 70, 15 Fed. 649, seems to substantiate the contention. I presume there has been no modification of the doctrine. It seems to be supported by numerous authorities, as well as by principle, that one court cannot interfere with the decisions of another. Hagan v. Lucas, 10 Pet. 400, 9 L. ed. 470; Covell v. Heyman, 111 U. S. 176, 28 L. ed. 390, 4 Sup. Ct. Rep. 355. If that were permitted there would be chaos instead of justice. So far, however, the petitioner assents to the argument, and the real point therefore is that which follows.

4. The petitioner asks this court to intervene as a matter of

Toral v. Perez.

comity to another court. Now it goes without saying, that this court has the fullest respect for every other court. This court has often said that there is really no question of inferiority as between courts except as to matters of appeal; that all courts in this island, whether Federal or local, stand upon an equality within their respective jurisdictions. It is the same law that creates them all, but this does not change the fact that they are different courts for some purposes. If they were not different courts they would be the same courts, and they are not the same courts. Now has a different court any right, as a matter of courtesy to another court, to tie up money which has been won in this court by a plaintiff? That does come about sometimes in courts of ancillary jurisdiction, where there is a primary suit in one court and an ancillary suit in another court in order to secure some particular benefit. That comes up often between courts of different jurisdictions, of different states; and lately this Federal court has made a rather important decision, which has just been sustained by the circuit court of appeals, that this court will act in an ancillary capacity to a local court where the procedure in this court is of a different nature and would seem to be more efficacious than that of a local court, this court in the particular case in question acting as a court of equity. That seems to be a question of novel impression and it has been affirmed above in conformity with the views of this court.

If there is anything of that sort, of course it would come under that principle, but I do not see that this is true. The contention of the petitioner is that this court has practically finished its jurisdiction over the case, and the petitioner wants to administer the assets. I am in doubt how the judge of this court, who sits here to try a case as between a plaintiff and a de-

Toral v. Perez.

fendant, after that is through and when the very object of the whole proceeding is about to be realized by the collection of the money by the plaintiff from the defendant, merely upon a request,—because that is what it amounts to,—not even of another court but of a party in another court, can direct its officers to turn what the plaintiff has earned over to somebody else, the plaintiff in another court, without any trial of issues or anything, as in this particular proceeding. The cases cited by the petitioner to show that United States courts have jurisdiction to aid in enforcing the judgment of state courts are all of claimants who filed bills or otherwise made themselves parties in plenary suits. Bacon v. Harris, 62 Fed. 99; Taylor v. Bowker, 111 U. S. 110, 28 L. ed. 368, 4 Sup. Ct. Rep. 397; National Tube Works v. Ballou, 146 U. S. 517, 36 L. ed. 1070, 13 Sup. Ct. Rep. 165. But this claimant expressly disclaims being a party at all.

In the United States there are, I believe, almost fifty states, and I know there are ninety-nine or more district courts of the United States. Each state has perhaps half a dozen or a dozen circuit courts, so that the point, if it is a good one, must have come up at some time, and if the petitioner can show me any authority I would be very glad, because nothing gives me greater pleasure than to act in harmony with the other courts of this island. I contend that this is a court of this island just as much as any other court is, and if the petitioner can cite me to authorities, I will be very glad to consider them.

5. It seems to me, however, that this application is based upon a misunderstanding of what are the functions of a court under the American system of jurisprudence. A court under that theory is not considered in the light of a government institution in the sense that it owes any duty to even a co-ordinate branch

Toral v. Perez.

of the government, except so far as that branch may be a litigant. A court is an institution organized by the government to determine litigated questions between citizens, and even between the government and citizens, so far as the government itself is a litigant, and not otherwise. When a claim is made in court in the proper form and results in a trial and judgment, the right of the plaintiff is fixed, and cannot be changed by the court any more than it can be by an outside party. The only way a claim in suit can be got at by anyone is by some intervention proceeding recognized by law on behalf of a third person, who in some proper form makes himself a party to the litigation in chief. He cannot stand outside, even though in another court, and in any way affect, much less block, the proceedings of the court in which a litigation is proceeding. In the case at bar, the petitioners expressly disclaim any idea of making themselves parties.