DETROIT FIRE & MARINE INSURANCE COMPANY *v.* STEWART.

## Opinion delivered March 20, 1916.

1.  GARNISHMENT—GARNISHMENT OF DEBT DUE A TRUSTEE IN HIS REPRE-SENTATIVE CAPACITY.—M. assigned a cause of action which she held against appellant to one S. as trustee for collection. C. brought garnishment proceedings against appellant, for an individual debt of S. to C. *Held*, the garnishment based upon an individual debt of S. would not affect S.'s suit against appellant in his capacity as trustee.

2.  GARNISHMENT—CONFLICT OF LAWS.—A judgment debtor is not subject to garnishment in the courts of a State other than the one wherein the judgment against him is rendered.

3.  CONFLICT OF LAWS—JUDGMENT—FOREIGN GARNISHMENT.—A debt, covered by a judgment, is beyond the reach of a writ of garnishment issued in a foreign jurisdiction.

4.  GARNISHMENTS—ANSWER OF GARNISHEE.—A garnishee must show in his answer, not only that the fund has been assigned, or is exempt, but he must disclose all the facts relative to the interest of strangers to the suit, whether the same be existing liens, equities under special contract, or any other interest whatever; then such claimants may interplead as parties, and have their rights adjudicated.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*Glass, Estes, King & Burford,* (of Texas) and *J. D. Head,* for appellant.

1.  The Texas court was a superior court and had complete jurisdiction.  1 Black on Judgments (Ed. 1891), § 286, p. 358; 52 Tex. 603; 70 *Id.* 115; 80 S. W. 872; 149 *Id.* 1073.  The judgment is entitled to full faith and credit and can not be attacked collaterally.  *Supra;* 2 Black on Judg., § 937, p. 1118; 1 *Id.,* § 287, 859, 861, 890.

2.  Judgments of a sister State are conclusive.  48 Ark. 50.

3.  The debt was subject to garnishment in Texas.  115 S. W. 275; 91 Ark. 252; 141 S. W. 595.  The matter is *res adjudicata* and the former judgment is a complete bar.  Black on Judg., § 865; 55 Ark. 633.

McCULLOCH, C. J.  This is an action instituted on an insurance policy issued by defendant, Detroit Fire & Marine Insurance Company, to recover the amount of damage to the insured property, a dwelling house situated in the State of Texas.  The property was owned by Mrs. Kate Mitchell and was insured in her name.  Damage was sustained by fire in the sum of $97.43, and after the damage occurred Mrs. Mitchell made a written assignment of the claim to Z. C. Stewart, as trustee for herself and her daughter, Alfrey Mitchell.  Stewart, as such trustee, instituted this action against the insurance company before a justice of the peace of Miller County, Arkansas, and recovered judgment for the amount of the claim, which was undisputed.  The defendant took an appeal to the circuit court and superseded the judgment by the execution of a bond pursuant to the terms of the statute.  Craven & Cage, a copartnership, had previously obtained a judgment against Z. C. Stewart individually in an action for debt before a justice of the peace in Harris County, Texas, and while this suit was pending below Cravens & Cage sued out a writ of garnishment on the said judgment and caused the same to be served upon the defendant insurance company.  The garnishee answered and upon its motion Stewart and Mrs. Mitchell and Alfrey Mitchell were made parties and summoned

by publication of a warning order, no personal service, however being made on said parties, nor is there any evidence that they received any information of the pendency of said garnishment proceeding.

The Texas court rendered a judgment against the garnishee, directing the payment over to Cravens & Cage, the plaintiffs in that suit, of the amount due under the policy, and the defendant has pleaded the judgment in the garnishment proceedings as a bar to recovery in the present action. They pleaded the Texas judgment in this action below, but the trial court refused to sustain the plea and rendered judgment in favor of the plaintiff, Z. C. Stewart, in his representative capacity as trustee under the aforesaid assignment to him. The defendant has prosecuted an appeal to this court.

It is contended on behalf of the defendant that in Texas a justice of the peace exercises jurisdiction as a superior court, and that the judgment in the garnishment proceedings is an adjudication of the right of the plaintiff to recover in the present action. Treating the Texas court as a superior court, with complete jurisdiction over the subject-matter of the garnishment proceedings, we are of the opinion that the record in this case does not show enough to bar the plaintiff from recovering, and that the judgment of the circuit court of Miller County was correct. The garnishment against the defendant operated upon an indebtedness to Z. C. Stewart individually. The writ and the subsequent judgment thereon merely substituted the plaintiffs in that action in the place of Stewart, the defendant in that action, and the only issue in that proceeding concerned the alleged indebtedness of the insurance company to Stewart. It did not involve an issue as to indebtedness of the garnishee to a third person, and Stewart in his representative capacity must be treated as a third person.

"It is a self-evident proposition," says Mr. Shinn, in his work on Attachment and Garnishment, volume II, section 727, "that no judgment is *res adjudicata* as to matters which have not been adjudicated. The rights

of no person are *res adjudicata* unless such person has been a party to the proceedings legally determined by the court.    *    *    *    If the indebtedness was not to the principal defendant, judgment against the garnishee will not bind his actual creditors. They may thereafter bring suit against him, or their creditors may bring garnishment against the garnishee.''

(1)    It is true that Stewart and Mrs. Mitchell and Alfrey Mitchell were made parties to the garnishment proceedings and were summoned by publication of a warning order, but they were not bound to take notice of the fact that an idebtedness of the garnishee to Stewart, as trustee, was involved in the controversy, nor indeed was it involved under a writ which commanded the garnishee to answer as to his indebtedness to Stewart individually. The issue in the two proceedings being different, the judgment of the Texas court against Stewart individually does not bar his right to recover in the present action when suing in his representative capacity as trustee of an express trust.

(2-3) There is still another reason why the circuit court was correct in holding that the garnishee was not discharged from liability in this action. It is the universal rule of the courts that a judgment debtor is not subject to garnishment in the courts of a State other than the one wherein the judgment against him is rendered. *Wabash Rd. Co. v. Tourville*, 179 U. S. 322. It does not appear that the defendant, when summoned as garnishee, pleaded the Arkansas judgment as it was the bounden duty of the garnishee to do. The judgment of the Arkansas justice of the peace had been appealed from and the judgment superseded, but the supersedeas operated, not as an extinguishment of the judgment, but merely as a suspension of its enforcement, and the debt covered by the judgment was beyond the reach of a writ of garnishment issued in a foreign jurisdiction. The original debt had become merged in the judgment of the Arkansas justice of the peace and it was no longer subject to garnishment in another State. *Wabash Rd. Co. v. Tourville*,

148 Mo. 614, 179 U. S. 322. Nor does it appear in this action that the garnishee ever answered, showing that the indebtedness was to Stewart in his representative capacity as trustee of an express trust and not to him individually. It was the duty of the garnishee to make full disclosure of the facts, and in the absence of such a disclosure it can not plead the judgment in the garnishment proceedings as a defense to the suit of a third person.

(4) "The garnishee is under obligation to show in his answer not only that the fund has been assigned or is exempt, but must disclose all facts relative to the interest of strangers to the suit, whether the same be existing liens, equities under special contract, or any other interest whatever; after which such claimants may interplead as parties and have their rights adjudicated." 2 Shinn on Attachment and Garnishment, section 719. See also, Rood on Garnishment, section 217.

The defendant has not shown that it pleaded the facts in the garnishment proceeding, or even that it gave the interested parties actual notice of the pendency of the proceedings. Therefore it is not entitled to plead the Texas judgment, for that reason if for no other,

Affirmed.