KINSTON MANUFACTURING COMPANY v. E. B. FREEMAN.

(Filed 20 March, 1918.)

**Attachment—Judgments—Courts—Nonresidents—Garnishment.**

A judgment of the Federal Court is not liable to garnishment in the State court; and where it is alleged that a nonresident has property in this State by virtue of such judgment, and process by advertisement has been attempted, and proceedings in attachment instituted, the attachment will be dissolved on motion by special appearance made in the cause in the State court, and as the demand or debt merges in the judgment, no distinction between the two may be drawn. *LeRoy v. Jacobosky,* 136 N. C., 458, cited and distinguished.

APPEAL by plaintiff from *Stacy, J.,* at November Term, 1917, of LENOIR.

This action was instituted by the plaintiff against the defendant upon a note alleged to have been executed by the defendant to J. T. Deal and assigned by J. T. Deal to the plaintiff. The plaintiff is a North Carolina corporation. The defendant is a resident of the State of Virginia. The summons was not personally served upon the defendant. At the time of the institution of the action the plaintiff sued out a warrant of attachment, alleging that the defendant had property within the State of North Carolina, and caused garnishment proceedings to be issued against the Kinston Manufacturing Company (the plaintiff) and the Ellington-Bryant Timber Company. It appears from all the facts in the record, and from the complaint, that the only property of the defendant against which the attachment and garnishment proceedings were issued was a judgment recovered by the defendant E. B. Freeman against the Kinston Manufacturing Company, the plaintiff, and Ellington-Bryant Timber Company for $7,500 in the United States District Court for the Eastern District of North Carolina, from which judgment appeal was then pending from said district court to the United States Circuit Court of Appeals. The defendant E. B. Freeman entered a special appearance and moved to dissolve the attachment, on the ground that the judgment in his favor in the Federal Court is not subject to be attached in this action now pending in the Superior Court of Lenoir County. The motion was allowed and the plaintiff excepted and appealed.

*Cowper & Whitaker and J. L. Hamme for plaintiff.*
*Ward & Ward, W. H. Taylor, and Dickinson & Land for defendant.*

ALLEN, J. The single question presented by this appeal is as to the power of the courts of the State to attach a judgment recovered in the Federal Court and the authorities are practically unanimous against the contention of the plaintiff that such an attachment is valid.

*Sanborn, J.,* says in *Meness v. Matthews,* 197 F., 635 (C. C. A.): "It is the general rule supported by the great weight of authority and specifically approved by the Supreme Court of the United States, that a judgment recovered in the court of one jurisdiction is not subject to garnishment in proceedings in a court of another jurisdiction. *Wabash R. C. v. Tourville,* 179 U. S., 322; Drake on Attachment, sec. 625; 14 A. & E. Eng. L., 716. And consistently with this rule it has been held by what appears to be the unbroken weight of authority that a judgment in a Federal Court is not subject to garnishment in an attachment suit brought against the judgment creditor in a State court. *Mack v. Winslow,* 59 F., 316; *Franklin v. Ward,* 3 Mason, 136; *Thomas v. Woolridge,*

2 Woods, 667; *Harvey v. Mining Co.,* 15 F., 649; *Burrill v. Letson,* 2 Speers (S. C.), 378; Drake on Attachment, Sup."

The decided cases in support of the rule are collected in the note to *Elson v. R. R.,* 1914 A. Anno. Cases, 955, in which the editor says: "The rule is well settled, in accord with the reported case, that a judgment debtor is not liable to garnishment in a jurisdiction other than that in which the judgment is rendered (citing cases) . . . It has likewise been held without conflict that the rule forbidding the garnishment of a judgment of a foreign jurisdiction applies as between State and Federal courts," citing cases.

*Mr. Justice Bradley* states the reasons underlying the principle in *Thomas v. Woolridge,* 2 Woods, 667, as follows: "A court has not done with a case when judgment has been rendered. Many things have often to be done besides issuing execution, many adjustments of rights have to be made which require that the court should keep the supervision and control of its own judgment in its own hands. Any interference by other courts with this control, or with the prerogatives of executing its judgments and decrees in its own way, is calculated to excite jealousies between the courts concerned. We think the rule is a good one and ought to be sustained. It is not without sanction in the decisions of the United States courts. Besides that of *Justice Story* in *Franklin v. Ward,* 3 Mason, 136; 9 Fed. Cases, 5055, which is referred to in the brief of counsel, the case of *Wallace v. McConnell,* 13 Peters, 136 (10 Law Ed., 95), is very much to the point. There a debt was attached in the State court after suit had been brought upon it in the United States Court, and the attachment was set up by way of a plea *puis darrein* continuance. This plea was demurred to and overruled, and the Supreme Court, on error, affirmed the judgment. The Court held that to sustain such an attachment would produce a collision in the jurisdiction of the courts that would embarrass the administration of justice; but if the attachment had been issued before the commencement of the suit in the Federal Court, it might have been pleaded in abatement, if still pending, or in bar if judgment had been rendered thereon. This case virtually decides the one before us and precludes further discussion."

In 12 R. C. L., 807, the additional reason is given that the court in which the attachment is sought is without power to protect the debtor from the subsequent enforcement of the judgment recovered in another jurisdiction.

The distinction attempted to be drawn by the plaintiff between the debt and the judgment and his claim that he is not seeking to attach the judgment but the debt, is without merit, as there is no debt except as evidenced by the judgment, the demand or debt being merged in the judgment.

It is also clear that the case of *LeRoy v. Jacobosky,* 136 N. C., 458, does not sustain the position of the plaintiff as in that case the judgment was rendered in the same jurisdiction, and the attachment was against the proceeds of the judgment which had been paid to the clerk, and not against the judgment.

Affirmed.