EISENSTADT MANUFACTURING COMPANY, a Corporation, Respondent, v. ST. LOUIS SMELTING AND REFINING COMPANY, a Corporation, and E. D. NIX (Defendants), FIRST NATIONAL BANK OF MIAMI (Defendant), Appellant.

St. Louis Court of Appeals. Opinion filed April 6, 1926.

GARNISHMENTS: Judgments: Foreign State: Judgment Debtor: Cannot Be Held Liable as Garnishee in Missouri. A judgment debtor in an action brought to a final judgment in another State cannot be held liable as a garnishee in a subsequent suit in Missouri.

*Corpus Juris-Cyc. References; Garnishment, 28 C. J., p. 143, n. 42.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Victor H. Falkenhainer*, Judge.

REVERSED AND REMANDED (*with directions*).

*L. A. Wetzel* and *Hope & Hope* for appellant.

*H. A. & Harry S. Gleick* for respondent.

(1)   A court of equity will in a proper case aid a garnishment proceeding.   12 Ruling Case Law, p. 827, "Garnishment," sec. 60; 28 Corpus Juris 272, "Garnishment," secs. 381-382.   (a)   A court takes judicial notice of its own records.   State ex rel. Ponath v. Hamilton, 240 S. W. 445; State v. Mathieson, 261 S. W. 335; Meyer v. Goldsmith, 196 S. W. 745; State ex rel. Jones v. Miller, 221 S. W..88.   (b)   Where there is actually a fund attached jurisdiction is acquired.   State of Missouri ex rel. St. Louis, Brownsville, etc., Ry. Co. v. Wilson A. Taylor, Judge (U. S.), 45 Sup. Ct. 47, 69 L. ed. 78.   (2)   Where a cross-bill contains all the substantial allegations of a bill of interpleader it may be treated as an original bill of interpleader and the court acquires jurisdiction thereon.   Atkinson v. Carter, 101 Mo. App. 477, 74 S. W. 502; Sullivan v. Knights of Father Mathew, 73 Mo. App. 43.   (3)   With reference to property in Missouri, the rights of citizens of 'this State will be held as prior and superior to the claims of foreign assignees to that property.   12 Corpus Juris 475, "Conflict of Laws," sec. 70; Cole v. Cunningham, 133 U. S. 107, 33 L. Ed. 538, 547; Bryan v. Brisbin, 26 Mo. 423; Thurston v. Rosenfield, 42 Mo. 474; Security Trust Co. v. Dodd, 173 U. S. 674, 43 L. Ed. 835, 837; Wells v. Davis, 303 Mo. 388, 401-402, 261 S. W. 58, 61; Hughes v. Winkelman, 243 Mo. 81; State ex rel. v. Denton, 229 Mo. 187; Kerwin & Co. v. Doran, 29 Mo. App. 397; Happy v. Prickett, 24 Wash. 296, 64 Pac. 530; Seymour v. Newman, 77 Mo. App. 578; Atwater v. A. G. Edwards Brokerage Co., 147 Mo. App. 436.   (4)   Assignments

of an Oklahoma judgment, not attached to the judgment, cannot take effect as legal assignments. R. S. 1919, sec. 1587. (a) Appellant having neither pleaded nor proved any law of the State of Oklahoma, there is a presumption that the Oklahoma law is the same as the law of Missouri. Lyons v. Metropolitan Street Ry. Co., 253 Mo. 143; Roy v. Kansas City, 204 Mo. App. 332, 340. (5) Equity will not enforce assignments given without consideration, such assignments being purely voluntary. Tallman v. Hoey, 89 N. Y. 537; Shaw v. Tonns, 20 App. Div. 39; Farmers' Loan & Trust Co. v. Winthrop, 207 App. Div. 356, 363; In re Dier, 296 Fed. 816, 820; Bleitz v. Bryant Lumber Co., 113 Wash. 455, 194 Pac. 550; Fidelity Savings & Loan Ass'n v. Rodgers, 180 Cal. 683, 182 Pac. 426; In re Lennig's Estate, 182 Pa. 485; Kenedy's Executors v. Ware, 1 Pa. 445; Perkins v. Parker, 1 Mass. 117; Brokaw v. Brokaw's Executors, 41 N. J. Eq. 215; Lamprey v. Lamprey, 29 Minn. 151; Bartholomew v. National Bank, 57 Kan. 594; In re Webb's Estate, 4 Cal. 541.

BENNICK, C.—This suit, beginning in the nature of an equitable garnishment proceeding, was instituted by plaintiff, a Missouri corporation, on April 24, 1924, against St. Louis Smelting and Refining Company, a Missouri corporation (hereinafter called the Refining Company), E. D. Nix, a citizen and resident of Missouri, and Dick Rice, a citizen and resident of Oklahoma.

In the petition it was alleged that on February 12, 1923, in the circuit court of the city of St. Louis, a judgment was rendered in plaintiff's favor and against E. D. Nix in the sum of $1,296.45, plaintiff's cause of action in said suit being based upon an assignment to plaintiff by one B. C. Clark of Oklahoma, of the rights of said Clark against defendant Nix; that the sum of $100 had been paid upon such judgment and that two executions issued thereon had been returned unsatisfied; that said Nix had instituted a suit in the State courts of Oklahoma against the Refining Company for

$50,000 and had recovered judgment therein; that said judgment had been affirmed by the Supreme Court of Oklahoma, but that said judgment after the institution of the suit was assigned by defendant Nix to defendant Dick Rice, his attorney.

It was further alleged that there was pending in the circuit court of the city of St. Louis a garnishment ordered by plaintiff against the Refining Company upon the judgment against Nix, but that the Refining Company had advised plaintiff that, because of the aforesaid assignment to defendant Rice, said assignment having been prior to the service of said garnishment, the Refining Company would not recognize said garnishment.

It was also alleged that the said Clark, plaintiff's assignor of the original cause of action against Nix, had advanced a certain sum of money to Nix, which, together with the moneys of other persons, constituted the original $50,000 involved in the suit of Nix against the Refining Company in Oklahoma, and that whatever rights Clark had therein had been assigned to plaintiff prior to the institution of the suit of plaintiff against Nix in the circuit court of the city of St. Louis.

Plaintiff further alleged that the Refining Company was threatening to pay said judgment out of the State of Missouri and out of the reach of plaintiff to defendant Rice in Oklahoma; that Rice had given no assurance that he would make any payment to plaintiff; that Nix had refused to authorize the Refining Company to hold out of said judgment sufficient to pay the judgment rendered in favor of plaintiff, and had advised plaintiff that he would authorize Rice to make payment only to Clark, plaintiff's assignor; and that, should the Refining Company pay the judgment to Rice in Oklahoma, plaintiff would be irreparably damaged and injured because it would be unable to collect its judgment.

Wherefore plaintiff prayed the court to make an order requiring the Refining Company to pay into court out of the money it was prepared to pay to Rice on the Oklahoma judgment a sufficient amount to pay the judg-

ment theretofore rendered in favor of plaintiff against Nix, and that, pending a final hearing in the case, a restraining order and temporary injunction issue, enjoining the Refining Company from paying out of Missouri the full amount of the Oklahoma judgment.

No service was obtained upon defendant Rice, whereupon during the June, 1924, term, upon motion of plaintiff, the cause was dismissed as to such defendant.

An answer in the nature of a cross-bill of interpleader was filed by the Refining Company in which it was stated that defendant Nix had theretofore recovered a judgment against it in the district court of Ottawa county, Oklahoma, and that immediately after the entry of said judgment Nix had assigned said judgment to Rice as trustee; that the amount of said judgment, less the sum of $1500, had been paid to Rice as trustee; that Rice had agreed that the sum of $1500 might be retained by the Refining Company as trustee until the writs of garnishment served on such defendant in favor of the creditors of Nix had been disposed of; that defendant had no interest in the sum of $1500 and was willing to pay the same to whomsoever was lawfully entitled to it.

Wherefore defendant prayed the court to require plaintiff and the other defendants to interplead for said judgment and that it be discharged. The order discharging this defendant was entered October 14, 1924.

In the answer of defendant Nix it was alleged that, prior to the rendition of the judgment in plaintiff's favor and against him in the circuit court of the city of St. Louis, the First National Bank of Miami, Oklahoma (hereinafter called the bank), had acquired the entire share and interest of Nix in the judgment against the Refining Company.

Wherefore defendant prayed that plaintiff take nothing by its suit, and that defendant, the Refining Company, be ordered and required to pay the bank all that might remain unpaid on said Oklahoma judgment.

On July 2, 1924, the bank entered its appearance in this cause and became a party defendant therein and at

the same time, by leave of court, filed an answer, in which it was alleged that the judgment in favor of Nix against defendant Refining Company was entered in the district court of Ottawa county, Oklahoma, on March 27, 1922; that said suit was prosecuted and judgment taken in the name of Nix as plaintiff, but in reality for the benefit of divers persons and their respective assigns beneficially interested in said cause of action and in the judgment rendered thereon; that said Rice was trustee for such persons, and was obligated to pay over and distribute the proceeds of the judgment to the said beneficiaries and their respective assigns.

It was further stated that on April 10, 1919, while said suit in Oklahoma was pending, defendant Nix, by instruments in writing assigned to the bank his share in said cause of action up to the amount of $17,000 with interest, said assignment being to secure to defendant bank the payment of two promissory notes; that on March 28, 1922, said Nix by an instrument in writing assigned to said Rice, his successors and assigns, the Oklahoma judgment; that at the time of the making of said assignment Nix had become indebted to defendant bank in the sum of $30,000; that Nix, by a further instrument in writing, assigned to defendant bank his entire share and interest in said judgment, and authorized and directed said Rice as trustee to account and pay over to the bank all funds due him on account of his interest in said judgment, this assignment being made as security to the bank for the payment of the indebtedness of Nix of $30,000; that the entire amount of the share of Nix in said judgment was $27,763.75, all of which sum by virtue of the several assignments had been paid by Rice as trustee to the bank, except the sum of $1500 withheld by the Refining Company.

Wherefore defendant bank prayed that plaintiff take nothing by its suit, and that defendant Refining Company be ordered to pay the sum of $1500 to defendant bank.

The reply of plaintiff to the answer of defendant Nix was a general denial.

For reply to the answer and interpleader of defendant bank, plaintiff alleged that the suit prosecuted and judgment taken in the name of Nix as plaintiff against defendant Refining Company was in reality for the benefit of the said B. C. Clark and of plaintiff as his assignee, and that neither Clark nor plaintiff had at any time agreed or consented to any assignment by the said Nix of his rights and obligations either to Rice or to the bank.

A trial was had and on February 24, 1925, the court entered its judgment in plaintiff's favor and directed the clerk of the court to pay plaintiff out of the fund in court the sum of $1375.10, the remaining sum of $24.90 being applied to court costs. The sum of $100 had previously been allowed the attorneys for the Refining Company. Having unsuccessfully moved for a new trial the bank has appealed.

Plaintiff's case in chief was made by proving the rendition of the judgment for $1,296.45 in favor of plaintiff and against defendant Nix in the circuit court of the city of St. Louis on February 13, 1923.

It was disclosed by admissions and by evidence offered by defendant bank that about 1917 the Refining Company undertook to sell some property to an association of investors in Oklahoma, of whom Nix seems to have been the moving spirit. The total price involved was $1,250,000, of which amount the sum of $50,000 (represented by thirty or more checks) was deposited in defendant bank to the credit of the Refining Company. The title to the property proved to be defective and in 1917 suit was filed in the district court of Ottawa county, Oklahoma, by Nix as plaintiff (but for the benefit of all the investors) against the Refining Company for $50,000. Mr. Dick Rice, an attorney of Miami, Oklahoma, was plaintiff's attorney in such suit. Judgment for plaintiff for the full amount sued for with interest was obtained on March 27, 1922. This judgment was subse-

quently affirmed by the supreme court of Oklahoma and the amount thereof, less the sum of $1500, paid by the Refining Company on April 26, 1924.

As soon as the initial payment of $50,000 was deposited with defendant bank to the credit of the Refining Company in 1917, the Refining Company immediately transferred the money to their office in St. Louis. Subsequently two checks for $10,000 each were protested and returned to the bank. To protect the bank, Rice, as chairman of the organization of investors, paid the bank $3,000, whereupon on November 24, 1917, Nix and one J. F. Little executed two promissory notes for $8500 each payable on demand to the order of the bank.

On April 10, 1919, Nix, by an instrument in writing, authorized Rice as chairman of the committee of investors to pay to the bank out of any money that should come to Nix from any judgment that should be obtained against the Refining Company the sum of $17,500 with interest, such sum to be applied on the two notes of November 24, 1917. Rice accepted the above order and in writing agreed to make such payment to the bank.

Afterwards Nix incurred an additional indebtedness to the bank of approximately $4500. On March 28, 1922, Nix for a valuable consideration assigned in writing to Rice the full amount of his judgment against the Refining Company. This assignment was verified before a notary public and filed for record with the clerk of the district court of Ottawa county, Oklahoma, on the same date. At the same time Nix in writing authorized Rice to pay all of his interest in said judgment to the bank.

At the time the Refining Company paid the amount of the judgment to Rice, Nix was indebted to the bank in the total amount of $30,891. By virtue of the above assignments Rice paid the bank the individual share of Nix in the judgment (less $1500 retained by the Refining Company) amounting to $16,851.25, the balance of his indebtedness remaining unpaid.

This suit, starting as an equitable garnishment proceeding was converted into an interpleader suit That the sum of $1500 deposited in court by the Refining Company was a part of the Oklahoma judgment is conceded. The bank's claim to such sum arises out of the several assignments made to it by Nix. Plaintiff's claim, on the other hand, is wholly dependent upon its right to subject the Oklahoma judgment debt to garnishment in a proceeding in Missouri.

Although there are many knotty legal problems presented on this appeal, we are of the opinion that the determination of one question will be decisive of the case. Such question is, can a defendant against whom a judgment has been rendered in a foreign State be held subject to garnishment for such judgment debt in a proceeding in this State?

An excellent discussion in general terms of this proposition is to be found in 28 Corpus Juris, 143-144, wherein it is said:

"While there is authority to the contrary, it is generally held that garnishment is not available to reach a debt upon which judgment has been rendered in another jurisdiction. Nor, in some jurisdictions, can garnishment reach a debt upon which a judgment has been rendered in another court of the same jurisdiction. In other jurisdictions it is no objection that the debt is in judgment in another court. . . . Likewise it has been held that a claim in judgment in a superior court is not subject to garnishment in an inferior court which otherwise would not have jurisdiction. On the other hand it is held that a claim in judgment in one court may be garnished in another court, regardless of the relative character of the two courts with respect to superior or inferior jurisdiction.

"As between State and Federal courts the rule that garnishment will not lie to reach a debt upon which a judgment has been rendered in another jurisdiction has been held to apply where the judgment is in a Federal

court and the garnishment is in a State court, and also as between Federal courts of different states."

This is not a matter of first impression in Missouri. Much the same question was passed upon in the case of Tourville v. Wabash R. Co., 148 Mo. 614, 50 S. W. 300. In that case Tourville had obtained a judgment against the Wabash in the circuit court of the city of St. Louis which had become final by virtue of the decision of this court (61 Mo. App. 527) rendered March 26, 1895. On June 14, 1895, one Flannigan in Illinois began a suit by attachment against Tourville in that State and gar- nished the Wabash. The case reached the Supreme Court, and in its opinion denying the right of a credi- tor in Illinois to subject a judgment debtor in this State to garnishment, the court (lo. cit. 624), said:

"On the twenty-sixth of March, 1895, the old debt of the company to the plaintiff ceased to exist, and there- after could not sustain any liability imposed thereon by the subsequent garnishment proceedings under the sec- ond attachment suit in Illinois. [15 Am. & Eng. Ency. of Law, p. 341.] But it is contended that the new debt, the judgment debt which took its place, was subject to gar- nishment. There has been a difference of opinion as to whether a judgment debtor would be held at all as garni- shee of the judgment creditor, even in the court in which the judgment was rendered, the courts in some of the states holding one way, and in some of them the other. [Drake on attachment (7 Ed.), sec. 622.] The learned au- thor after giving some of the reasons sustaining the af- firmative of the proposition, in section 625 says: 'How- ever strongly these reasons apply to the case of a gar- nishment of the judgment debtor in the same court, in which the judgment was rendered, their force is lost when the judgment is in one court, and the garnishment in an- other. There a new question springs up, growing out of the conflict of jurisdiction which at once takes place. Upon what ground can one court assume to nullify in this indirect manner the judgment of another? Clearly the attempt would be absurd, especially where the two

courts were of different jurisdictions or existed under different governments.' ''

The case was taken on a writ of error to the United States Supreme Court, which court affirmed the judgment (Wabash Railroad Company v. Tourville, 179 U. S. 322), and with reference to the question before us (loc. cit. 327) said:

''The Supreme Court, however, did hold that the judgment was foreign to Illinois, and therefore not subject to garnishment there. In this the court is sustained by the weight of authority.''

Later the case of Wabash Railroad Company v. Flannigan, 95 Mo. App. 477, 75 S. W. 691, growing out of the same litigation, reached this court, and it was held (loc. cit. 484) that, at the time Flannigan commenced his suit, the old debt of the Wabash to Tourville, having been merged in the judgment, had ceased to exist and that the judgment was not the subject of garnishment under the laws of this State.

We think it is clear, therefore, that it is the law in Missouri that a judgment debtor in an action brought to a final judgment in this State may not be held liable as a garnishee in a subsequent suit in another State. This being true, the converse of the rule should apply.

Not only is this rule supported by the weight of authority, but it is based upon the better reasoning. Where a court of a sister State obtains jurisdiction of the parties to and of the subject-matter of an action prior to the institution of garnishment proceedings in Missouri and renders a final judgment in such action, it is reasonable for it to insist upon the enforcement of its judgment. To permit a final judgment to be garnished might in certain cases subject the debtor to a double judgment upon a single liability. It has been suggested, too, that to hold otherwise might be construed as a refusal of the courts of this State to give full faith and credit to the valid proceedings of a sister State.

Leading cases of other jurisdictions illustrative of the views herein expressed are: Henry v. Gold Park

Mining Co., 15 Fed. 649; Menees v. Matthews, 197 Fed. 633; Detroit Fire & Marine Ins. Co. v. Stewart, 123 Ark. 42, 184 S. W. 438; Hamill v. Peck, 11 Colo. App. 1, 52 Pac. 216; Elson v. Chicago, R. I. & P. R. Co., 154 Iowa, 96, 134 N. W. 547; Shinn v. Zimmerman, 23 N. J. L. 150; Heyl v. Taylor, 117 N. Y. S. 916; Kinston Mfg. Co. v. Freeman, 175 N. C. 212, 95 S. E. 367.

In the case at bar the Oklahoma judgment was obtained by Nix against the Refining Company on March 27, 1922, the effect of which was to merge or drown the cause of action, the indebtedness of the Refining Company, in the judgment. [Cooksey v. Kansas City, St. J., & C. B. R. Co., 74 Mo. 477; Sterling v. Parker-Washington Co., 185 Mo. App. 192, 209, 170 S. W. 1156; Cowgill v. Robberson, 75 Mo. App. 412; Stark v. Cooper, 203 Mo. App. 238, 243, 217 S. W. 104; Chenault v. Yates, — Mo. App. —, 216 S. W. 817.] Plaintiff's judgment in this State was not obtained against Nix until February 12, 1923, eleven months later. To allow plaintiff to hold the Refining Company, the judgment debtor by reason of the judgment of the district court of Ottawa county, Oklahoma, as garnishee in this proceeding would be to prevent such court from the enforcement of its judgment. Such a result should not be countenanced.

Accordingly the Commissioner recommends that the judgment of the circuit court be reversed and the cause remanded, with directions to the lower court to dismiss plaintiff's petition.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and remanded with directions. *Daues, P. J.,* and *Becker & Nipper, JJ.,* concur.